# Richmond

## CLARK V. NAVE'S CREDITORS.

### November 12, 1914.

1. LIMITATION OF ACTION—*Judgments—Suspension of Statute by Agreement Not Part of Judgment.*—An agreement that no execution on a judgment shall be placed in the hands of the sheriff for a stated period, not made a part of the judgment, does not prevent the running of the statute of limitation against such judgment. The judgment could be kept alive by issuing executions marked "to lie" from time to time, or by suing out a *scire facias* or bringing an action thereon, but not by such an agreement. Exceptions to the operation of the statute of limitations must be found in the statute itself, and agreements such as that above mentioned is not one of them. The agreement is not within the letter or spirit of section 3578 of the Code, which excludes the time within which a party is prevented from suing out an execution either by legal process, or by the terms of the judgment.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for the defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Sipe & Harris,* for the appellant.

*D. O. Dechert* and *C. R. Winfield,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

In the year 1902 the appellant, Clark, instituted two actions at law—one against J. H. Nave, individually, and

the other against said Nave and H. H. Hall. On the 16th of
April of that year the parties to the actions entered into
an agreement in writing by which the pleas filed were to
be withdrawn and judgment entered in each case for the
plaintiff for certain named sums, respectively, but ''no
execution was to be put in the hands of the sheriff'' on
the judgment against Nave, individually, ''for twelve
months'' from the date of the agreement; and, if within
that time Nave pays to said Clark the sum of one hun-
dred dollars thereon that no execution (was) to go into
the hands of the sheriff for another twelve months; and
Nave was to have a further extension of credit on said
judgment of twelve months for each $100 paid until
the judgment was satisfied. No payments were made in
accordance with the agreement. Judgment was entered
in each case at the April term of the court for the year
1902 for the amount agreed upon. There is no contro-
versy here except as to the judgment against Nave in-
dividually, which was for $600. On the 30th of that
month execution was issued returnable to the July rules
following, and endorsed upon it were the words, ''or-
dered to lie.'' On the 8th of April, 1913, another execu-
tion on said judgment was issued, went into the hands of
the sheriff, and was returned ''No property found,'' on
the 14th of that month. In May following Clark insti-
tuted a suit in chancery in behalf of himself and all other
lien creditors of Nave, to subject certain real estate
owned by him at the time said judgment was rendered,
but which he had subsequently conveyed to B. F. Hel-
bert by deed dated in January, 1909, and recorded in
July, 1910. Helbert was made a party defendant to the
creditor's suit.

In his defense to the suit Helbert relied upon the sta-
tute of limitations, claiming that as more than ten years
had elapsed from the return day of the first execution
until the suing out of the second execution, in April, 1913,

the right to enforce the judgment against the property purchased by him was barred. The court sustained Helbert's defense of the statute of limitations, and refused to subject the land conveyed to him to the payment of said judgment.

By section 3573 of the Code it is provided, that "No suit shall be brought to enforce the lien of a judgment upon which the right to issue an execution or bring a *scire facias,* or an action is barred by sections thirty-five hundred and seventy-seven and thirty-five hundred and seventy-eight."

Section 3577 of the Code provides, that "On a judgment execution may be issued within a year, or a *scire facias,* or action may be brought within ten years after the date of the judgment; and where execution issues within the year, other executions may be issued or a *scire facias* or action may be brought within ten years from the return day of an execution on which there is no return by an officer, or within twenty years from the return day of the execution on which there is such return . . . ."

Section 3578 of the Code declares, that "No execution shall issue, nor any *scire facias* or action be brought on a judgment in this state other than for the Commonwealth after the time prescribed by the preceding section, except that in computing time, any time during which the right to sue out execution on the judgment is suspended by the terms thereof or by legal process shall be omitted . . . ."

The question involved in this case is not affected by the other provisions of sections 3577 and 3578 which have not been quoted.

From July rules, 1902, the return day of the execution issued and ordered "to lie" until April, 1913, when the other execution was issued, more than ten years had elapsed. The right to sue out execution upon the judgment was not suspended by legal process nor by the

terms thereof, for the agreement between the parties of April 16, 1902, was not made a part of or referred to in the judgment. But it is insisted by the appellant that the right to sue out an execution on the judgment was suspended by the agreement of April 16, 1902, and that under the terms of section 3578 the time of the suspension provided for in the agreement must be excluded in computing the time within which execution may issue upon the judgment, as fully and as effectually as if the terms of the agreement had been embodied in the judgment.

This contention cannot, we think, be sustained. The agreement of April 16, 1902, and the subsequent agreements as to further time in which Nave might pay, as stated in the appellant's amended bill, did not prevent the appellant from having executions issued from time to time and ordered "to lie," or from issuing a *scire facias* or bringing an action on the judgment, and thus keeping his judgment lien in force. Those agreements it is conceded by the amended bill only prohibited Clark from placing executions on the judgment in the hands of the sheriff if the conditions named were complied with.

The appellant is clearly not within the letter of section 3578 of the Code, for his right to enforce the lien of his judgment was not prevented, either by legal process or by the terms of the judgment. Nor is he within the equity of the section if it were permissible for the court to go beyond its letter in construing it, for as we have seen there was nothing in his agreement or agreements to prevent him from keeping alive the lien of his judgment by having executions issued and ordered to lie, or from bringing a *scire facias* or action. It seems to be well settled, however, that exceptions to the operation of the statute of limitations must be found in the statute itself. *Bickle* v. *Chrisman's Admr.*, 76 Va. 678, 684-6, and authorities cited; *Morris* v. *Lyon*, 84 Va. 331, 333,

4 S. E. 734. *Lisky* v. *Paul,* 100 Va. 764, 768-9, 42 S. E. 875, and authorities cited.

In the case of *Bickle* v. *Chrisman's Admr.* which was a suit to set aside a voluntary conveyance, it was said by Judge Staples (p. 685), delivering the opinion of the court: "It has been held that infants like other persons would be barred by an act limiting suits at law, if there was no saving clause in their favor. Angel on Limitations, p. 205. Indeed, the principle seems to be settled that unless there can be found in the statute itself some grounds for restraining it, it cannot be restrained by arbitrary additions or amendments. Unless, therefore, we are prepared to limit the operation of the sixteenth section by some sort of judicial legislation, we must hold that the lapse of five years is an absolute bar to a suit to impeach the conveyance, gift or assignment, unless, indeed, the plaintiff is laboring under some disability expressly provided for under the general statute of limitations."

In the case of *Lisky* v. *Paul, supra,* p. 768, it was said: "Section 2922 of the Code provides within what period demands like those sued on must be brought. If they are not brought within that period, it would be frittering away the statute to allow the action to be brought after the time prescribed unless the plaintiff can show that his case is one which the legislature has declared shall be excepted."

The appellant in this case has not only not brought himself any exception found in the statute, but there is nothing in the agreements relied on, even if such agreements could be considered, to relieve him from the bar of the statute.

The court is of opinion that there is no error in the decree complained of to the prejudice of the appellant, and that it should be affirmed.

*Affirmed.*