# Richmond

## Herman A. Jones v. Morris Plan Bank of Portsmouth and G. R. Whitehurst.

March 10, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Eggleston, JJ.

The opinion states the case.

*Clyde W. Cooper* and *Thomas L. Woodward,* for the plaintiff in error.

*G. Curtis Hand* and *James G. Martin & Son,* for the defendants in error.

EGGLESTON, J., delivered the opinion of the court.

Herman A. Jones, the plaintiff below, filed a suit by notice of motion for judgment against Morris Plan Bank of Portsmouth and G. R. Whitehurst to recover damages for alleged malicious abuse of civil process. The parties will be sometimes referred to as they appeared in the court below.

The defendants filed a plea of the statute of limitations. The plaintiff by replication averred that there should be excluded from the limitation period fourteen months during which there was pending in the Circuit Court of the city of Suffolk a suit by the same plaintiff against the same defendants on the same cause of action, and which suit was finally dismissed for lack of proper venue duly pleaded.

In the present suit the lower court held that the time during which the former action was pending should not be excluded from the statutory period. Consequently it struck out the replication and sustained the plea of the statute of limitations. There then followed a judgment for the defendants which is here for review.

The plaintiff in error concedes that his claim is barred by the statute of limitations unless the time during which his first suit was pending in the Circuit Court of the city of Suffolk is excluded from the statutory period.

His first argument is that upon the institution of his former suit the statute stopped running, remained suspended so long as that suit was on the docket, and did not again begin to run until that suit was dismissed. Hence, he says, the time during which the first suit was pending should be excluded in calculating the limitation period.

But this argument is not sound. It is, of course, true that the commencement of a suit (which is afterwards prosecuted to a final judgment for the plaintiff) stops the running of the statute as to that particular action, and the cause may be retained on the docket and judgment may be entered therein in favor of the plaintiff after the date on which the claim would have been barred if the suit had not been brought. Instances of this occur almost daily in the experience of our courts.

■ But it by no means follows that the time during which a suit (which is not prosecuted to a final judgment for the plaintiff) is pending must be excluded in calculating the limitation period. On the contrary it is well settled that in the absence of express statutory provision the mere pendency of a suit does not toll the statute of limitations. See *Callis* v. *Waddy,* 2 Munf. (16 Va.) 511; *Gray's Adm'x* v. *Berryman,* 4 Munf. (18 Va.) 181; *Braxton* v. *Wood's Adm'r,* 4 Gratt. (45 Va.) 25; *Dawes* v. *New York, etc., R. Co.,* 96 Va. 733, 32 S. E. 778; *Manuel, Adm'r* v. *Norfolk & W. Ry. Co.,* 99 Va. 188, 37 S. E. 957.

In 37 C. J., p. 1083, sec. 527, it is said:

"Unless there is a special statute saving the right to bring a new action in case a pending action fails or is dismissed otherwise than upon the merits, no new action can be maintained if the statutory period of limitation had fully run pending the action which had so failed or been dismissed."

Therefore, the ultimate question here involved is whether the plaintiff's right to bring the present suit was preserved by the following section of the Code of 1919:

"Sec. 5826. *Further time given; when suit abates or is defeated on ground not affecting the right to recover.*—If an action or suit commenced within due time in the name of or against one or more plaintiffs or defendants abate as to one of them by the return of no inhabitant or by his or her death or marriage, or if in an action or suit commenced within due time judgment or decree for the plaintiff shall be arrested or reversed upon a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of the loss or destruction of any of the papers or records in a former suit or action which was in due time; in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, or such arrest, or reversal of judgment or

decree, or such loss or destruction, but not after." (Code 1887, sec. 2934; 1893-4, p. 789; 1897-8, p. 252.)

The plaintiff in error argues that the general purpose of this section is to save a *bona fide* litigant from the bar of the statute of limitations where he has brought his action within the time prescribed by law, and such suit fails or is dismissed otherwise than upon the merits; and that the statute is highly remedial and should be liberally construed to effect this purpose.

Speaking of statutes of this character, in 37 C. J., p. 1083, sec. 527, the author says:

"The statutes on this subject vary greatly in their scope. Some limit the right to bring a second action to cases in which there has been an involuntary nonsuit; others to dismissal by the court for some matter of form not involving the merits; others to dismissals as the result of a reversal; others to cases where the judgment in favor of plaintiff has been arrested or set aside; still others include various combinations of the above provisions."

See also, *Bradshaw* v. *Citizens' Nat. Bank,* 172 N. C. 632, 90 S. E. 789, 790.

The statutes of many of the other States permit a new action within a specified time if the former action has failed for some reason other than a final judgment on the merits. Typical of these are section 5410 of the West Virginia Code, referred to in Burks Pleading and Practice (3d Ed.), p. 367, note, where the difference between that section and section 5826 of the Virginia Code is commented on, and the New York statute construed in *Gaines* v. *City of New York,* 215 N. Y. 533, 109 N. E. 594, L. R. A. 1917C, 203, Ann. Cas. 1916A, 259, relied on by the plaintiff in error.

An analysis of our statute (section 5826) shows that in only four instances is there a suspension of the statute of limitations by reason of the pendency of a former suit brought in due time. These are (1) where such suit abates "by the return of no inhabitant,"—that is, where the writ is not served for that reason; (2) where the suit abates by reason of the "death or marriage" of a party; (3) where,

after the plaintiff has obtained a judgment or decree in his favor, it is "arrested or reversed upon a ground which does not preclude a new action or suit for the same cause; (4) where "there be occasion to bring a new action or suit by reason of the loss or destruction of any of the papers or records in a former suit or action which was in due time."

None of these provisions applies to the plaintiff's case. There is no saving provision where a suit, such as that of the plaintiff here, was brought in the wrong forum or was dismissed otherwise than upon the merits.

It is significant, too, to note that Code, section 5787, as amended by Acts 1920, ch. 25, which relates only to actions for death by wrongful act, expressly provides as follows:

"Every such action shall be brought by and in the name of the personal representative of such deceased person and within one year after his or her death, but if any such action is brought within said period of one year after said person's death, *and for any cause abates or is dismissed without determining the merits* of said action, the time said action is pending shall not be counted as any part of said period of one year," etc. (Italics supplied.)

The fact that such a saving clause appears in section 5787 and is omitted from section 5826 is strong evidence, we think, that such omission was intentional.

Indeed, an examination into the history of section 5826 demonstrates conclusively, we think, that the legislature did not intend that the time during which the plaintiff's first suit was pending in the wrong forum should be excluded in the computation of the period of limitation.

The Code of 1887, section 2934, carries this section in its present form except that the latter "expressly includes suits in equity as well as actions at law." See Revisors' Note, Code of 1919, section 5826.

The Acts of 1893-94, ch. 693, p. 789, and Acts of 1897-98, ch. 226, p. 252, amended section 2934 of the Code of 1887 so as to toll the statute of limitations "if in any pending cause, or in any action or suit hereafter commenced

within due time in any of the courts of this Commonwealth, the plaintiffs proceed or have proceeded in the *wrong forum* or bring the wrong form of action, or against the wrong defendant, *and judgment is rendered against the plaintiff solely upon such ground.*"   (Italics supplied.)

In eliminating this provision the revisors of the Code of 1919, in their note to section 5826, said: "The amendments made by the acts cited at the end of the section have been omitted, because they were deemed unwise."

We thus see that in adopting the revision of this section as recommended by the revisors, the General Assembly has expressly determined to eliminate the saving clause in favor of a litigant who, as the plaintiff here, has "proceeded in the wrong forum." We think that this is a complete answer to the argument that such a saving clause is by implication written into the law.

It follows from what we have said that the time the plaintiff's first suit was pending in the Circuit Court of the city of Suffolk can not be deducted from the limitation period.   Consequently the trial court correctly held that his claim was barred at the time the present suit was instituted.

Having reached this conclusion it becomes unnecessary to pass upon the motion to dismiss the writ of error.

The judgment is

*Affirmed.*