# Richmond

## C. Willard Norwood, Admr., Etc. v. Walter H. Buffey, M. D.

April 25, 1955.

Record No. 4358.

Present, All the Justices.

The opinion states the case.

*Steingold & Steingold*, for the plaintiff in error.

*White, White & Roberts*, for the defendant in error.

Miller, J., delivered the opinion of the court.

Rebecca Faye Dowdy died on May 17, 1952, and on May

15, 1953, her administrator, C. Willard Norwood, instituted action against Walter H. Buffey under the death by wrongful act statute, § 8-633, Code of 1950. On November 5, 1953, the court entered the following order:

"This day came the plaintiff and the defendant, by counsel, and the plaintiff failing to further prosecute his suit, on his motion, it is ordered that he be non-suited, paying to the defendant five dollars ($5.00) damages according to law, together with his costs by him about his defense in this behalf expended."

On the same day that this order was entered, plaintiff re-instituted his action against Buffey under the same statute.

On November 19, 1953, defendant filed a plea of the statute of limitations and asserted that the alleged cause of action for death by wrongful act was barred by the one year limitation fixed in § 8-634, Code of 1950. That latter section follows:

"Every such action shall be brought by and in the name of the personal representative of such deceased person and within one year after his or her death, *but if any such action is brought within such period of one year after such person's death, and for any cause abates or is dismissed without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of one year, and another suit may be brought within the remaining period of such one year as if such former suit had not been instituted.*" Emphasis added.

Plaintiff filed a replication to defendant's plea and set out that the first suit was brought within one year after the alleged cause of action arose and that this second suit was instituted on the same day that he suffered the nonsuit. He insisted that under the saving language of § 8-634, the time that the first action was pending could not be counted against him even though the nonsuit was entered upon his motion.

The court struck out the replication, sustained defendant's plea of the statute of limitations and entered judgment accordingly. We granted plaintiff an appeal.

The statute providing a right of action where death is caused by the "wrongful act, neglect or default of another" and fixing one year as the time within which the action must be instituted was first enacted on January 14, 1871. Acts 1870-71, c. 29, p. 27. The parts of that act granting the right to the personal representative to maintain the action (now § 8-633) and the part fixing one year as the time in which the action must be instituted (now § 8-634) appear as paragraphs 1 and 2 respectively in the act of 1871, and §§ 2902 and 2903, Code of 1887.

The above italicized part of § 8-634, Code of 1950, was not a part of the original act. This saving clause was first brought into the statute on March 7, 1904 (Acts 1904, c. 64, p. 110) as an amendment to § 2903, Code of 1887. Its enactment was about three years subsequent to the decision of *Manuel, Adm'r* v. *Norfolk & Western Ry. Co.*, 99 Va. 188, 37 S. E. 957.

The facts of that case disclose that plaintiff's decedent lost his life on July 27, 1893, and the administrator instituted action on January 19, 1899, under the death by wrongful act statute. At the 1899 October term of court, on his motion, plaintiff was nonsuited. The administrator thereafter instituted another action for the alleged wrongful death of his decedent. He asserted that under §§ 2919 and 2934, Code of 1887, as amended respectively by Acts 1895-96, c. 292, p. 331, and Acts 1897-98, c. 226, p. 252, he was entitled to the further time specified in those statutes in which to reinstitute his action. Because of the saving provisions of these acts, he claimed that his second action had been brought in time and was not barred by the one year limitation.

These two statutes saved or gave to plaintiffs additional time in which to institute or reinstitute actions under certain stated circumstances and conditions, which actions would be otherwise barred.[1] However, neither one provided for additional time in a case where plaintiff had moved for and ob-.

---

[1] For interpretation of § 2934, Code of 1887, § 5826, Code of 1919, now § 8-34, Code of 1950, see *Jones* v. *Morris Plan Bank*, 170 Va. 88, 195 S. E. 525.

tained a nonsuit. In rejecting these statutes as inapplicable and holding that the limitation of one year applied in the absence of an appropriate act extending or giving additional time in which to institute another action, the court said:

"Where an action is brought within the statutory period, and after the expiration of that period, the plaintiff is non-suited upon his own motion, the statute of limitations is a bar to another action for the same cause." 99 Va., at p. 189.

This holding would seem to be in accord with the general rule applicable where there is no special provision by statute. "In the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him, and if, before he commences a new action after having become nonsuited or having had his action abated or dismissed, the limitation runs, the right to a new action is barred." 34 Am. Jur., Limitation of Actions, § 281, p. 227.

The effect of special statutory provisions has been stated as follows: "Some cases hold that such a statute providing for a new action after nonsuit applies only to involuntary non-suits or dismissals, and not to voluntary nonsuits or dismissals. Other cases hold that both voluntary and involuntary non-suits or dismissals are within its application." 54 C. J. S., Limitations of Actions, § 291(a), p. 356.

"Under some statutes, where the first suit is voluntarily discontinued or dismissed by plaintiff, a second suit is not saved from the bar of the statute, as would be the case were the dismissal the act of the court. It has been held otherwise under other statutes as to a voluntary nonsuit or dismissal without prejudice." 54 C. J. S., Limitations of Actions, § 291(b)(2), p. 357. 132 A. L. R. 292, *et seq.*

The express language of the amendment to § 8-634, enacted March 7, 1904, excludes from the one year limitation the time that the first action was pending if that action "for any cause abates or is dismissed without determining the

merits of said action." The amendment does not use the word "nonsuit." Yet its dominant purpose is clearly disclosed by the language "without determining the merits of said action." Given the liberal construction to which it is entitled, that phrase evinces an intent to save to the plaintiff the time the first action was pending so as to afford him opportunity to obtain a trial upon the merits.

"A statute extending the time for the institution of a new action on failure of the original action for reasons other than on the merits is highly remedial, and should be liberally construed in furtherance of its purpose, to afford litigants a hearing on the merits, and is not to be frittered away by any narrow construction; * * *" 54 C. J. S., Limitations of Actions, § 287 (b), p. 347.

Quite often there is difference in the office or meaning of the words "abate," "dismiss," or "nonsuit," depending upon how and where used, or upon the over-all context of the language employed, the purpose sought to be accomplished, or like considerations. 17 Am. Jur., Dismissal, Discontinuance and Nonsuit, § 21, p. 57; 27 C. J. S., Dismissal and Nonsuit, §§ 1, 2, and 3, pp. 155, 156; 1 C. J. S., Abatement and Revival, § 1, p. 27. However, as the words "abates" and "dismissed" are used in this statute, we think the legislature intended that they be liberally construed so as to accord to the act full remedial effect and include an instance where the plaintiff was "nonsuited."

"A dismissal in effect is equivalent to a nonsuit, * * *." 27 C. J. S., § 1, p. 155. *Temple* v. *Cotton Transfer Co.*, 126 Neb. 287, 290, 253 N. W. 349.

"[A] dismissal (not upon the merits) is a nonsuit, * * *" *Hotel Woodward Co.* v. *Ford Motor Co.*, 258 F. 322, 325. *Scanlon* v. *Kansas City*, 325 Mo., 125, 145, 28 S. W. (2d) 84; *Wetmore* v. *Crouch*, 188 Mo. 647, 654, 87 S. W. 954; *Pear* v. *Graham*, 258 Mich. 161, 241 N. W. 865; 28 Words and Phrases, Nonsuit, (Perm. ed.), p. 749, *et seq.*, and cases cited.

Section 8-634 fixes one year as the time in which an action

under § 8-633 must be instituted. Yet the amendment of 1904 was expressly and solely directed to an action under § 8-633, and the saving clause is couched in comprehensive language. The phrase, "but if any such action * * * for any cause abates or is dismissed" is all-embracing. It is "as broad and general as the casing air."

Whether or not the saving amendment was intended to apply upon discontinuance of an action by an order of voluntary nonsuit is to be determined from the language of the statute, read with a view to the purpose sought to be accomplished and not primarily from a technical interpretation and application of words used in the order. When that is done and it is remembered that the amendment was enacted shortly after the decision in the *Manuel* case, *supra*, we are led to the conclusion that it was the purpose and intent of the legislature to save to the plaintiff administrator the time that his first action was pending though that action was nonsuited at his instance.

*Reversed and remanded.*