JOHN R. MCDANIEL, JR., AND MARY M. PERSINGER, ADM'R., ETC. v. NORTH CAROLINA PULP COMPANY AND JAMES A. PHILLIPS.

November 26, 1956.

Record No. 4577.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*Murdaugh S. Madden,* for the plaintiffs in error.

*Aubrey R. Bowles, Jr. (Charles Pickett; Jack N. Herod; Bowles, Anderson & Boyd; Pickett, Keith & Mackall,* on brief), for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

John R. McDaniel, III, was killed in Fairfax County, Virginia, on November 11, 1952, as a result of a collision between an automobile

owned and operated by him and a tractor-trailer owned by North Carolina Pulp Company and operated by its employee, James A. Phillips. On September 14, 1953, John R. McDaniel, Jr., a resident of Nevada, and father of the decedent, qualified as administrator of the estate of his son in Nevada. As such foreign administrator, he filed a motion for judgment on September 22, 1953, in the Circuit Court of Fairfax County, Virginia, against the owner and operator of the tractor-trailer, demanding damages for the death of his decedent, in the sum of $25,000, and for damages to decedent's automobile in the sum of $1,046.58.

On October 9, 1953, the defendants moved for security for costs, and bond for the same was duly given. On December 2, 1953, defendants filed grounds of defense relating solely to the merits of the action. Thereafter, on September 1, 1954, defendants moved for a summary judgment in their favor, "for the reason that § 26-59, Virginia Code, 1950, provides that plaintiff can neither commence nor maintain this action." On December 10, 1954, the trial court granted the motion for summary judgment, and thereupon entered judgment in favor of defendants.

On January 7, 1955, Mary M. Persinger, a resident of Virginia, qualified in the Circuit Court of Fairfax County, Virginia, as administratrix of the decedent, John R. McDaniel, III. On the same day, John R. McDaniel, Jr., the non-resident administrator and Mary M. Persinger, the Virginia administratrix of the estate of the deceased, filed a new motion for judgment in the Circuit Court of Fairfax County against North Carolina Pulp Company and James A. Phillips for the wrongful death of their decedent. The new motion for judgment alleged the same cause of action as in the first motion, and set out that the proceedings in the first action had been concluded without determining the merits thereof, citing sections 8-633, 8-634 and 26-59, Code of Virginia, 1950, as amended.

On February 2, 1955, defendants moved to strike and dismiss the second motion on the ground that the cause of action did not arise within one year next preceding January 7, 1955. Their grounds of defense further alleged that the judgment in the first action on December 10, 1954, was "*res judicata*, that no action at law or cause of action herein set forth has been brought and pending in any court prior to January 7, 1955, the date on which this action was commenced."

Plaintiffs filed a replication, averring that the time during which

the first action was pending was "not to be counted as any part of the period of one year, by reason of the saving clause of Virginia Code, 1950, § 8-634," that is, the period between September 22, 1953, when the first action was filed, and December 10, 1954, when that action was concluded.

The trial court, being of opinion that the second action was barred by virtue of the provisions of Code, §§ 8-633 and 8-634, entered judgment for the defendants on April 29, 1955. On May 11, 1955, the trial court amended that judgment by ordering a voluntary nonsuit insofar as the action applied to damages to decedent's automobile, and reaffirming the judgment as to the claim relating to death by wrongful act. Plaintiffs applied for and obtained this writ of error.

The sole issue presented before us is whether the action commenced on September 22, 1953, by John R. McDaniel, Jr., as the Nevada administrator of John R. McDaniel, III, and concluded on December 10, 1954, was such an action, the commencement of which tolled the one year limitation provided in Virginia Code, §§ 8-633 and 8-634. The issue involves a construction of § 26-59, 1956 Cumulative Supplement, Code of Virginia, 1950.

Section 8-633, Code of Virginia, 1950, creating a right of action for death by wrongful act, provides: "Every action under this section shall be brought within one year after the death of the injured person * * *."

Code, § 8-634, relating to how and when such action shall be brought, provides:

"Every such action shall be brought by and in the name of the personal representative of such deceased person, and within one year after his or her death, *but if any such action is brought within such period of one year after such person's death, and for any cause abates or is dismissed without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of one year and another suit may be brought within the remaining period of such one year as if such former suit had not been instituted.*" (Emphasis added.)

Section 26-59, Code of Virginia, 1950, as amended, so far as pertinent, provides:

"No person not a resident of this State * * * shall be appointed or allowed to qualify or act as personal representative, or trustee under a will, of any decedent * * * unless there be also appointed to serve with the non-resident personal representative, trustee, * * *

a person resident in this State \* \* \*; and in the event such resident personal representative, trustee, \* \* \* ceases, for any reason to act, then a new resident personal representative, \* \* \* shall be appointed in the same manner as provided in Section 26-48; \* \* \*."

The legislative history of §§ 8-633 and 8-634 is reviewed in *Norwood, Adm'r.* v. *Buffey*, 196 Va. 1051, 86 S. E. 2d 809, and *Hudson Motor Co.* v. *Hertz*, 121 F. 2d 326.

Plaintiffs ask for a liberal construction of the saving clause in § 8-634, in view of its generally accepted purpose. In addition, they contend that defendants waived the requirement of § 26-59 by failure to make prompt objection to a non-compliance therewith and by pleading to the merits prior to such objection.

On the other hand, defendants contend that the history of the statutes involved shows that it is contrary to the public policy of Virginia to permit a foreign personal representative to exercise his functions in this State;[1] that such public policy may not be waived by an individual; that the second action was not brought by the same plaintiff as in the first action within the meaning of § 8-634, and there "is no possibility of saving her (the administratrix) the time that *her* first action was pending, because *she did not exist in the capacity of administratrix prior to the day*" the second action was commenced.

The application of the statutes involved to the precise facts of this case presents to us an original proposition. In its determination we are guided by the general principles which we have applied in cases involving analogous facts and circumstances.

In approaching the issue, it may be well to note that it has been established in this jurisdiction that a foreign administrator, who has acquired no status in Virginia, is without authority to institute in his official capacity any action or suit in the courts of this State. *Moore* v. *Smith*, 177 Va. 621, 625, 15 S. E. 2d 48, and *Fugate* v. *Moore*, 86 Va. 1045, 1047, 11 S. E. 1063, 19 Am. St. Rep. 926. That rule is not in question here and, so far as this case is concerned, it has been settled by the final judgment rendered in the first action instituted by the Nevada administrator, from which there has been no appeal.

[1] Defendants rely on the fact that on February 20, 1954, (the day after the United States District Court for the Eastern District of Virginia had held in *Holt* v. *Middlebrook* and *Ware* v. *Middlebrook*, 119 Fed. Supp. 295, that the Virginia statutes forbade the maintenance of an action in Virginia for wrongful death by a foreign administrator) a bill was introduced in the legislature of Virginia, which would have, in express terms, permitted foreign personal representatives to bring civil actions in Virginia, and that this bill was passed by after a hearing on March 1, 1954. We think little or no reliance should be placed on this fact.

In *Moore* v. *Smith, supra,* we also said that "the right of the administrator to sue must be properly and reasonably challenged." 177 Va. page 624.

In *Holt* v. *Middlebrook,* (1954) 4 Cir. 214 F. 2d 187, the United States Court of Appeals, Fourth Circuit, reviewed the cases in the Federal Courts in Virginia dealing with the question of the rights of foreign administrators to sue in Virginia and concluded that, under the Virginia statutes, a non-resident personal representative of a decedent killed in an accident in Virginia could not maintain wrongful death action against Virginia residents in the United States District Courts of Virginia. Neither that case, nor any of those reviewed, presented the same question as that in the instant case.

In *Norwood, Adm'r.* v. *Buffey,* 196 Va. 1051, 86 S. E. 2d 809, plaintiff's administrator brought action for wrongful death within one year after the death of his decedent, took a voluntary nonsuit in that action after that period had expired, and reinstated his action against defendant on the same day. We held that Code, § 8-634 was remedial in its purpose, was to be liberally construed, and applicable to a case of voluntary nonsuit.

In *Hodges* v. *Kimball,* 4 Cir. 91 F. 845, it was held, in effect, that a defect as to the parties was correctable and not a prerequisite to jurisdiction. Cf. Burks Pleading and Practice, 4th Ed., § 61, page 128, and Annotation 108 A. L. R. 1282, *et seq.*

It must be remembered that in Virginia our statutes are liberal in their provisions for adding new parties in cases of non-joinder. Code, § 8-96, as amended, and § 8-639.

In 54 C. J. S., Limitations of Actions, § 287 (b.), pages 347, 348, this is said:

"A statute extending the time for the institution of a new action on failure of the original action for reasons other than on the merits is highly remedial, and should be liberally construed in furtherance of its purpose, to afford litigants a hearing on the merits, and is not to be frittered away by any narrow construction; * * *." (Cited in 196 Va. page 1055).

See also 34 Am. Jur., Limitation of Actions, § 38, page 41, § 279, page 226, and § 288, page 232.

In 54 C. J. S., § 289, pages 353 and 354, this is said:

"In order that the second action may be deemed a continuation of the first, the cause of action must be substantially the same in both cases. This does not mean that the second suit must be a literal copy

of the first, or that the same form of action should be adopted; nor is it essential that the legal theory or ultimate remedy of the two actions be identical. However, the subject matter, or the gist thereof, must be the same in both actions. A new action of any kind is permitted, having for result the same relief as was sought in the original action. * * *"

As to defect of parties, this is said by the same authority, 54 C. J. S., § 292 (c), page 360:

"Failure of an action for defects in parties is frequently within the statutes permitting a new action to be instituted within a specified time after such failure. Thus the failure of a former suit, because prosecuted in the name of the wrong person as plaintiff, brought to recover the same claim sought to be recovered in a later suit by the proper person as plaintiff, is a failure within a statute allowing a new action to be brought within a limited time after the failure of a former action; but there is also authority to the contrary. * * *"

As to identity of, or change in, parties, we find in 54 C. J. S., § 293, page 362, the following statement:

"* * * It is not essential, however, in all cases that plaintiffs in both cases should be the same eo nomine, but they must be substantially the same, suing in the same right, as where the second suit is by the personal representative of plaintiff in the first suit; where the first suit was by the original administrator, and the second by his successor; where the first suit was by the original trustee, and the second by his successor in trust; * * *."

The facts and circumstances in the case of *Siever* v. *Klots Throwing Co.*, 101 W. Va. 457, 132 S. E. 882, are analogous to those in the case before us. There the first action was dismissed by the trial court for the reason "that an assignee of a cause of action arising out of tort cannot sue in his own name or join the same with an individual cause of action, though arising out of the same acts of negligence against the same defendant * * *." Upon appeal it was held that the second action, instituted after the running of the statute of limitation, was saved by § 19 of Chapter 104 of the Code of West Virginia, 1923, now Code, § 55-2-18 of West Virginia, (similar to our Code, § 8-634), notwithstanding plaintiff sued in his own name in the first action and in his representative capacity in the second action. This case was subsequently cited with approval in *Town of Clendenin* v. *Ledsome, et al.*, 129 W. Va. 388, 40 S. E. 2d 849, 851, and in *Keener* v. *Reynolds Transportation Co.*, 134 W. Va. 712, 61 S. E. 2d 629.

In *Maguire* v. *Loyd*, 193 Va. 138, 67 S. E. 2d 885, where the record and brief showed that all of the trustees, parties plaintiff, were non-residents of the Commonwealth of Virginia, a compliance with § 26-59 was directed.

In *Andrews, Executrix* v. *Cahoon*, 196 Va. 790, 805, 86 S. E. 2d 173, referring to the argument of appellees that the judgment which the executrix had obtained in the United States District Court was void, in that she was a "non-resident personal representative of a non-resident decedent," and therefore could not maintain an action for wrongful death in this State under Code, §§ 8-633 and 8-634, we held that since "the incapacity of the executrix was not raised in the district court, nor was it raised in the lower court in the present proceedings" before us, it would not be considered for the first time on appeal.

The case of *Hodges* v. *Kimball*, 4 Cir. 91 F. 845, involved an action for a wrongful death in Virginia, filed in the United States Court for the Western District of Virginia, by the administrators of the deceased who were appointed and qualified in Tennessee. Defendants first pleaded to the merits of the action; but eighteen months later filed a special plea in bar on the ground that plaintiffs had not qualified as administrators in Virginia. It appeared that after suit was filed, a resident of Virginia had qualified as ancillary administrator in Virginia, but had resigned, and that plaintiffs had thereafter taken out ancillary letters of administration in Virginia. The motion of plaintiffs to amend their complaint to show this situation was denied and the suit dismissed.[2]

On appeal the Fourth Circuit Court of Appeals reversed, saying: "* * * We do not think that plaintiffs, although laboring under the disability of not having qualified within the state of Virginia at the time of the institution of the suit, occupy the position of strangers, or persons having no interest in the litigation. They were the domiciliary representatives, and as such given the right to qualify over others in this state, and to be accounted with for the amount of recovery, had another administrator qualified. *Andrews* v. *Avory*, 14 Grat. 229, 240, 241; *Stevens* v. *Gaylord*, 11 Mass. 256; *Swatzel* v. *Arnold*,

---

[2] Appellants tell us in their brief that immediately after the trial judge's ruling in the first action, they moved orally for leave to amend the first motion for judgment by adding the Virginia executrix as co-plaintiff; that upon defendants' objection the judge declined to rule thereon, stating that no written papers were before him. Defendants assert in their brief "that the motion to add the essential party was not made in the first action."

Woolw. 385, Fed. Cas. No. 13,682. They had an interest in the subject-matter of the litigation, and a perfect right to sue in the state of Tennessee for the same cause of action, could jurisdiction, as against defendants, have been acquired (*Railroad Co. v. Cox*, 145 U. S. 593, 12 Sup. Ct. 905; *Nelson* v. *Railroad Co.*, 88 Va. 971, 14 S. E. 838); and their receipt in settlement of the claim in controversy to the defendants would have been an acquittance from all liability." 91 F. page 847.

It is clear from the pleadings and the judgment of December 10, 1954, that the proceeding instituted by McDaniel, Jr., as Nevada administrator, was an "action" within the meaning of § 8-634, that it was "dismissed without determining the merits of such action," and that the second proceeding was brought upon the same cause of action as the first. This brings us to the question whether the plaintiffs in the two actions are substantially the same parties.

At the time of the institution of the first action, McDaniel, Jr., as Nevada administrator, was not a stranger to the litigation. He was a real party in interest, not a mere figurehead or simply a formal party. As Nevada administrator, he had an interest in the subject matter of the litigation. He could have sued in Nevada for the same cause of action, if jurisdiction of the defendants could have there been acquired. He could have arranged with the defendants a settlement of the claim in controversy and his receipt would have been an acquittance of liability. Upon the qualification of Mary M. Persinger as administratrix in Virginia, he continued as a real party in interest, and was entitled to have an accounting from her. McDaniel, Jr., and Mary M. Persinger, personal representatives of the deceased, as plaintiffs in the second action, were substantially the same plaintiff as the plaintiff in the first action, suing in the same right. Only the name of a co-plaintiff was added in the second action. Whatever the name of the plaintiff, the real party in interest remained the same; the suit was instituted in the same right; and the cause of action was the same.

As we said in *Norwood, Adm'r.* v. *Buffey, supra*, 196 Va. page 1056, the saving clause of § 8-634 is couched in comprehensive language. "The phrase, 'but if any such action * * * for any cause abates or is dismissed' is all-embracing. It is 'as broad and general as the casing air.'"

If the statute was tolled by the institution of the first suit, it is immaterial whether or not the administratrix had the capacity of a personal representative prior to the day she joined in bringing the second

action. The material point is whether the second action was brought within one year after the death of the deceased, if the time during which the first action was pending be excepted therefrom.

In view of our conclusion, a discussion of several other incidental questions raised by the parties becomes unnecessary.

Section 8-634, given a liberal construction and read with a view to the purpose sought to be accomplished, leads us, for the reasons stated, to the conclusion that the trial court erred in holding that the action of the plaintiffs in the second proceeding was barred by §§ 8-633 and 8-634.

For the foregoing reasons, the judgment appealed from is reversed, and the case remanded for such further proceedings as may be necessary and proper.

*Reversed and remanded.*