Donald T. ATKINS, Plaintiff,

v.

SCHMUTZ MANUFACTURING COMPANY, Inc., Defendant.

Civ. A. No. 67-C-13-D.

United States District Court
W. D. Virginia,
Danville Division.

May 26, 1967.

George E. Allen, Jr., Allen, Allen, Allen & Allen, Richmond, Va., Charles A. Williams, Paducah, Ky., and David F. Guthrie, Jr., Halifax, Va., for plaintiff Atkins.

Frank O. Meade, Meade, Tate & Meade, Danville, Va., for defendant Schmutz Mfg. Co., Inc.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This personal injury suit is brought to the court upon a jurisdictional basis of diversity of citizenship, and amount in controversy in excess of $10,000. The clearest way to present the issue before this court, is to begin with an examination of the facts.

Plaintiff, Donald T. Atkins, was injured on June 22, 1961, at South Boston,

Virginia when he was caught in a machine manufactured and sold by defendant, Schmutz Manufacturing Company, Inc. The injury necessitated amputation of both of plaintiff's feet and the plaintiff spent a long period of time in various hospitals and rehabilitation centers. Plaintiff alleges that defendant was negligent in the design and construction of the machine which severely and permanently injured him, and plaintiff prays for judgment in the sum of $470,000.

At the time of the injury, defendant had, and apparently still has, its only place of business in Louisville, Kentucky. All of defendant's sales are made from Kentucky, and defendant employs no salesmen in Virginia. The events in this case took place before the Virginia "long arm statute" was enacted in 1964, thus plaintiff concluded that the defendant would not be subject to suit in Virginia. Plaintiff brought suit against the defendant in the U.S. District Court for the Western District of Kentucky on June 19, 1963. The suit in Kentucky was brought more than one, but less than two years after the date of the injury. The statute of limitations applicable to plaintiff's cause of action is two years in Virginia (§ 8–24 Code of Virginia) and one year in Kentucky (KRS § 413.140). However, at the time plaintiff brought suit in Kentucky, prior cases held that the longer statute of limitations would govern in a suit filed in Kentucky, but based on a cause of action arising in a state whose statute of limitations was longer than the one year Kentucky statute of limitations. Collins v. Clayton & Lambert Mfg. Co., 299 F.2d 362 (6th Cir. 1962). Thus, when plaintiff brought suit in Kentucky, the existing rule was to apply the longer statute of limitations, and plaintiff expected the Virginia two year statute of limitations to be applicable in his case.

While plaintiff's suit was pending in the U.S. District Court for the Western District of Kentucky, the Kentucky Court of Appeals held that if the statute of limitations in the foreign state is for a longer period of time than the one year Kentucky statute of limitations, the law of Kentucky would prevail. Seat v. Eastern Greyhound Lines, Inc., 389 S.W.2d 908 (1965). Thereafter, defendant filed a motion for summary judgment, asserting the plea of the Kentucky statute of limitations. The U.S. District Court for the Western District of Kentucky stated that in diversity cases, it was bound to apply the state law as interpreted by the highest court of the state, and sustained defendant's motion for summary judgment. The judgment was affirmed by the U.S. Court of Appeals for the Sixth Circuit, and plaintiff is appealing the decision to the United States Supreme Court.

Plaintiff now brings his suit in this court on the jurisdictional basis of diversity of citizenship and amount in controversy in excess of $10,000. This suit is brought more than two years after the injury occurred, and defendant filed a motion for summary judgment, asserting the plea that the Virginia two year statute of limitations bars plaintiff's suit. Plaintiff answers that the running of the Virginia statute of limitations was tolled while his suit was pending in Kentucky. The merits of the proceedings in Kentucky are not before this court, and the sole issue of this case is whether plaintiff's abortive Kentucky action tolled the running of the Virginia statute of limitations.

Plaintiff cites Burnett v. New York Central RR., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), to support his contention that the Kentucky suit tolled the running of the Virginia statute of limitations. In *Burnett,* the United States Supreme Court held that the running of the F.E.L.A. statute of limitations was suspended when the plaintiff filed timely suit, even though the suit was later dismissed for improper venue. *Burnett* is not controlling in this case, because it was concerned solely with interpretation of a federal statute. Even though the F.E.L.A. provision and the Virginia statute be

worded similarly, the construction placed on the federal statute is not necessarily the construction that must be placed on the state statute. This case is founded on diversity of citizenship, not federal statute, and the construction placed upon a state statute by the highest court of the state is controlling. Whether Virginia's statute of limitations be labeled substance or procedure, it clearly affects the outcome of this case and must be applied. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

■ The applicable statute of limitations covering plaintiff's cause of action is § 8–24 Code of Virginia (1950) which states: "Every action for personal injuries shall be brought within two years after the right to bring the same shall have accrued." The right to bring suit accrues at the time of injury. Hawks v. DeHart, 206 Va. 810, 146 S.E.2d 187 (1966). Those instances in which the statute of limitations is suspended are controlled by § 8–34 Code of Virginia (1950). § 8–34 is identical to older § 5826 Code of Virginia (1919), which was construed by the Supreme Court of Appeals of Virginia in Jones v. Morris Plan Bank, 170 Va. 88, 195 S.E. 525 (1938).

The plaintiff in *Morris Plan Bank* had filed a timely suit which was later dismissed for lack of proper venue. When the plaintiff later brought suit in the proper forum, the defendant pleaded the statute of limitations as a bar. Plaintiff in *Morris Plan Bank* answered, as the plaintiff here does, that the Virginia statute of limitations was suspended while his suit was pending in another forum. The Supreme Court of Appeals of Virginia rejected the plaintiff's contention, and held that the statute of limitations had run.

> An analysis of our statute (section 5826) shows that in only four instances is there a suspension of the statute of limitations by reason of the pendency of a former suit brought in due time. These are (1) Where such suit abates "by the return of no inhabitant," that is, where the writ is not served for that reason; (2) where the suit abates by reason of the "death or marriage" of a party; (3) where, after the plaintiff has obtained a judgment or decree in his favor, it is "arrested or reversed upon a ground which does not preclude a new action or suit for the same cause;" and (4) where "there be occasion to bring a new action or suit by reason of the loss or destruction of any of the papers or records in a former suit or action which was in due time."

None of these provisions applies to the plaintiff's case. There is no saving provision where a suit, such as that of the plaintiff here, was brought in the wrong forum or was dismissed otherwise than upon the merits. Jones v. Morris Plan Bank, supra.

■■ Plaintiff contends that *Morris Plan Bank* is not controlling here because it was based on a legislative intent to insure that the statute of limitations would not toll when a plaintiff sues in the "wrong" forum. Thus plaintiff here contends that the rule in *Morris Plan Bank* should not apply to him because he did not sue in the "wrong" forum. Rather, he sued in a proper forum, which became improper only after a retroactive change in the applicable law. Even assuming that *Morris Plan Bank* should not be controlling here, the plaintiff has still failed to show a ground which would toll the running of the statute of limitations. There are no exceptions to a statute of limitations except those made by the statute itself. Johnson v. Merritt, 125 Va. 162, 99 S.E. 785, 789 (1919); Clark v. Nave's Creditors, 116 Va. 838, 83 S.E. 547 (1914); Bickle v. Chrisman's Adm'x, 76 Va. 678 (1882). "In the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him * * *." Norwood v. Buffey, 196

Va. 1051, 86 S.E.2d 809 (1955). Plaintiff has not brought himself within any of the four exceptions set out in § 8–34 Code of Virginia (1950). We do not agree with plaintiff that Brunswick Land Corp. v. Perkinson, 153 Va. 603, 151 S.E. 138 (1930), is helpful argument for plaintiff's position. The case held that the pending of the first suit did not toll the statute of limitations with regard to the second suit. The provision of § 8–34 dealing with an arrested or reversed judgment, clearly refers to a final judgment on the merits, and not to the tenuous ground put forth by the plaintiff that the Kentucky court made a tacit judgment on the Kentucky statute of limitations when it allowed plaintiff to use discovery methods to prepare his case on the merits.

Plaintiff contends that the equities are with him (which argument is appealing to this court) and that the only court open to him was the Kentucky court which retroactively closed its doors to him. The sympathy of this court is with the plaintiff, "but neither mere difficulty nor inconvenience in seeking a legal remedy * * *" will toll the statute of limitations. "The peace of society demands that there should be, at some time, an end put to litigation * * *. It is better that an individual should, in exceptional cases, suffer wrong, than that a community should be kept in turmoil." Johnson v. Merritt, 125 Va. 162, 99 S.E. 785, 789 (1919). If the plaintiff has truly been done an injustice, his recourse is not in this court, but in appealing the decision of the Kentucky courts.

It is clear that under the law of Virginia, the plaintiff here has not met any of the four provisions of section 8–34, which suspend the running of the statute of limitations. When jurisdiction is based on diversity of citizenship, this court must follow the law of the state where it sits, and hereby finds that the Virginia statute of limitations bars plaintiff's suit.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by plaintiff in the case at bar, this court feels that the plaintiff's suit is barred by the Virginia statute of limitations.

Therefore, it is hereby adjudged and ordered that defendant's motion for summary judgment be, and hereby is granted. A certified copy of this opinion and judgment is directed to be sent to counsel of record.