## CIRCUIT COURT OF ALBEMARLE COUNTY

Mary Ann Parrish

v.

Brenda C. Hicks et al.

Case No. 5179-L

David D. Hawkins

v.

Brenda C. Hicks et al.

Case No. 5180-L

December 8, 1992

BY JUDGE PAUL M. PEATROSS, JR.

These cases come before the court on the Defendants' Special Pleas of the Statute of Limitations.

The Plaintiff, Mary Ann Parrish, and her husband, George R. Parrish, II, previously filed a single Motion for Judgment against the Defendants, Brenda Carole Hicks and Terry Hawkins, Administrator of the Estate of Carl W. Williams, deceased, seeking compensation for damages resulting from personal injury in an automobile collision on State Route 20 in Albemarle County, Virginia, on October 13, 1989 ("Original Action"). Responding to that Motion, the Defendants subsequently raised the issue of misjoinder on the grounds that one or the other of the Plaintiffs was a misjoined party pursuant to Va. Code § 8.01.5(A). In a previous opinion,[1] this court found that

---

[1] This opinion is printed at 28 Va. Cir. 475. [Reporter's Note]

the Plaintiffs had indeed been misjoined and entered an Order on September 18, 1992, that either Mr. or Mrs. Parrish must be dropped from the action. Mrs. Parrish was subsequently dropped from the Original Action, leaving Mr. Parrish as the sole party plaintiff.

Prior to being dropped from the Original Action, however, Mrs. Parrish filed the present Motion for Judgment on June 12, 1992, approximately two years and eight months after the cause of action accrued.

Similarly, the Plaintiff, David D. Hawkins, and his wife, Jennifer Hawkins, previously filed a single Motion for Judgment against the Defendants, Brenda Carole Hicks and Terry Hawkins, Administrator of the Estate of Carl W. Williams, deceased, seeking compensation for damages incurred in an automobile collision on State Route 20 in Albemarle County, Virginia, on October 13, 1989 ("Original Action"). Responding to that Motion, the Defendants subsequently raised the issue of misjoinder on the grounds that one or the other of the Plaintiffs was a misjoined party pursuant to Va. Code § 8.01–5(A). In a previous opinion,[2] this court found that the Plaintiffs had indeed been misjoined and entered an Order on September 18, 1992, that either Mr. or Mrs. Hawkins must be dropped from the action. Mr. Hawkins was subsequently dropped from the Original Action, leaving Mrs. Hawkins as the sole party plaintiff.

Prior to being dropped from the Original Action, however, Mr. Hawkins filed the present Motion for Judgment on June 12, 1992, approximately two years and eight months after the cause of action accrued.

In response, both Defendants have filed Special Pleas of the Statute of Limitations in each case on the grounds that these claims fall outside the two-year Statute of Limitations under Va. Code § 8.01–243(A).

## Discussion

All parties agree that the Motions for Judgment now before the court clearly fail to meet the requirements of § 8.01–243, as they were filed more than two years after the cause of action accrued. If Mrs. Parrish and Mr. Hawkins are to avoid the bar of the statute of limitations, then, they must bring themselves within the protection of the tolling provisions of Va. Code § 8.01–229. It is well-settled that,

---

[2] This opinion is printed at 28 Va. Cir. 475. [Reporter's Note]

in the absence of an express statutory provision, the mere pendency of a suit will not toll the statute of limitations. *Jones v. Morris Plan Bank of Portsmouth*, 170 Va. 88, 90 (1938).

The particular Code section upon which Plaintiffs now rely is contained in § 8.01–229(E)(1), which provides that:

> if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Plaintiffs contend that their present actions were "commenced" for purposes of this section when the Motion for Judgment in each Original Action was filed, and that the time during which such action was pending should not be computed as part of the limitations period.

In response, the Defendants assert that no action was ever "commenced" other than the Original Action itself. That action was carried to its completion, albeit without Plaintiffs, who were dropped as misjoined parties. Accordingly, the Defendants maintain that Plaintiffs present actions do not fall within the protection of § 8.01–229(E)(1) and must be time-barred.

This court must therefore determine whether a party who has been "dropped" pursuant to Va. Code § 8.01–5 has nevertheless "commenced" an action for the purpose of tolling the statute of limitations. Although there appears to be no direct authority in Virginia on this issue, a close examination of the savings statute itself, as well as other related code provisions, will prove instructive.

*Prior Savings Statutes*

Virginia's savings statute, presently Va. Code § 8.01–229, has been repeatedly revised over the years. Section 2934 of the Code of 1887 provided for only four circumstances under which the statute of limitations would be suspended due to the pendency of a former suit brought in due time. These included: (1) where the suit abates by reason of "no inhabitant"; (2) where the suit abates by reason of the "death or marriage" of a party; (3) where, after the plaintiff has obtained a judgment or decree in his favor, it is "arrested or reversed upon a ground which does not preclude a new action or suit for the same cause;" and (4) where "there be occasion to bring a new action or suit by reason of the loss or destruction of any of the papers or

records in a former suit or action which was in due time." *Jones*, 170 Va. at 92–93.

The Acts of 1893–94 and Acts of 1897–98 amended this section providing that the statute of limitations be tolled "if in any pending cause, or in any action or suit hereafter commenced within due time in any of the courts of this Commonwealth, the plaintiffs proceed or have proceeded in the wrong forum or bring the wrong form of action, or against the wrong defendant, and judgment is rendered against the plaintiff solely upon such ground." *Id.* at 93–94.

Section 5826 of the Code of 1919 eliminated this provision, however, essentially returning to the four original exceptions in the 1887 Code. In doing so, the revisors of the Code, in the note to § 5826, commented that "The amendments made by the act cited at the end of the section have been omitted because they were deemed unwise." *Id.* at 94.

The Virginia Supreme Court had an opportunity to consider this legislative history in *Jones v. Morris Plan Bank*. In that case, the plaintiff, Herman Jones, brought an action against Morris Plan Bank for alleged malicious abuse of civil process. He had brought an earlier action against the same defendant in another court, but the earlier action had been dismissed for improper venue. The defendant raised the statute of limitations as a defense to the second action, and the plaintiff responded that the time the earlier action was pending should be excluded from consideration under § 5826. 170 Va. at 90.

The court held that the plaintiff's earlier action did not toll the statute of limitations and that his second action was consequently time-barred. It concluded that the legislative history of § 5826 discussed above demonstrated that the General Assembly had "expressly determined to eliminate the savings clause in favor of a litigant who, as the plaintiff [in *Jones*], has proceeded in the wrong forum." *Id.* at 94. In addition, it noted that § 5787 of the Code of 1919 expressly tolled the (then) one-year statute of limitations on wrongful death actions "if any such action is brought within said period of one year after said person's death, and for any cause abates or is dismissed without determining the merits of said action." The absence of a similar provision in the general savings statute was taken as "strong evidence" that the omission was intentional. *Id.* at 93.

*Present Law*

If Virginia law remained as it existed at the time *Jones* was decided, Mrs. Parrish and Mr. Hawkins would now be prevented from bringing their action under the statute of limitations. *Ortiz v. Barrett*, 222 Va. 118, 128–29 (1981). Since that time, however, Virginia's savings statute has undergone yet another major revision, in the Code of 1950. In its present form, § 8.01–229(E)(1) now tracks the wrongful death savings provision, Va. Code § 8.01–244, virtually word for word. Both provide that the applicable statute of limitations will be tolled if a prior action "for any cause abates or is dismissed without determining the merits."

This resemblance is hardly coincidental; the Revisor's Note to § 8.01–229 expressly provides that § 8.01–229(E)(1) is to be considered "analogous to the treatment of wrongful death actions." In light of the considerable attention the General Assembly has given this provision over the years, the court must conclude that its incorporation of the specific language of the wrongful death savings provision in the general savings statute demonstrates an intent to treat the two in a similar fashion. Consequently, the case law arising out of the wrongful death savings provision will be of some assistance in resolving the matter now before the court.

*Wrongful Death Savings Provision*

Fortunately, the Virginia Supreme Court has had ample opportunity to interpret the relevant language as it appears in the wrongful death savings provision. While it is well-settled that remedial statutes, such as savings clauses, must be construed liberally, in furtherance of their purposes, *Woodson v. Commonwealth Utilities, Inc.*, 209 Va. 72, 74 (1968), the particular words "if any such action . . . for any cause abates or is dismissed" are "all-embracing," and to be considered "as broad and general as the casing air." *Norwood, Admr. v. Buffey*, 196 Va. 1051, 1056 (1955).

In light of the extraordinarily expansive interpretation, the limitations the court has placed on the wrongful death savings provision have therefore been minimal, at best. In *McDaniel v. North Carolina Pulp Co.*, 198 Va. 612 (1956), for example, the court held that the statute of limitations will be tolled for the time an original action is pending, even when that action is not statutorily authorized. The plaintiff in *McDaniel* was a foreign administrator who initially brought a wrongful death action in Virginia without the benefit of a

resident co-fiduciary, as required under Va. Code § 26–59. The original action was dismissed due to this defect. The defendant subsequently raised a statute of limitations defense when the second action was filed, on the grounds that there had been no valid first action under the wrongful death savings provision (then § 8–634). The court found for the plaintiff, holding that under the savings clause, which was to be liberally construed, the prior action tolled the statute of limitations, even though the plaintiff had no statutory authority to bring the action in the first place.

It was in *Scott v. Nance, Administrator*, 202 Va. 355 (1960), that the court established just how few requirements are imposed on a plaintiff who seeks to come within the protection of the wrongful death savings provision. The case involved a wrongful death action which had originally been filed against a defendant who was incarcerated in the penitentiary. The first action was dismissed on the grounds that, under Code § 53–307, no action or suit could be instituted against the defendant in his individual capacity while he was incarcerated. Although the court recognized that the plaintiff's first motion for judgment was an "abortive proceeding" due to the statutory restraints, it nevertheless found that the statute of limitations was tolled during the pendency of the action. So long as the first action was "an action as defined by Rule of Court 3:3," the savings provision of the wrongful death statute was applicable.

*Application*

The law regarding the savings provisions of the wrongful death statute strongly suggests what must be the outcome in the case at bar. The Defendants in the instant case would seek to bar the Plaintiffs' actions because as a party plaintiff, they were misjoined in the Original Action, implying that Plaintiffs' actions were never truly "commenced." Even if they were commenced, they argue that the actions were neither abated nor dismissed, but only that Plaintiffs were "dropped" as a party in each case.

Yet even a casual examination of the history of the Virginia savings statutes demonstrates that such a strained interpretation of the Virginia savings statute would be inappropriate. The fitful evolution of what is now Va. Code § 8.01–229 shows that the matter has been considered extensively by state legislators. By choosing to incorporate the identical terminology as that previously employed in the wrongful death statute, the General Assembly made it clear that the two were to be considered "analogous." As a result, this court finds

that the underlying purpose of the present savings statute, § 8.01–229, is "to save to the plaintiff the time the first action was pending so as to afford him opportunity to obtain a trial upon the merits." *Norwood, Admr.*, 196 Va. at 1055. The terms of the statute are to be construed broadly and are to be read with a view to the purpose sought to be accomplished, not from a technical interpretation of the words used. *Id.* at 1056.

To initiate the tolling effect of the savings statute, a plaintiff's original action need have no statutory basis and may be even characterized as an "abortive proceeding" without sacrificing the benefits of § 8.01–229(E)(1). All that is required is that the original action qualify as an "action" as defined in Rule 3:3; namely, a motion for judgment must be filed in the clerk's office, and the required fees must be paid. *Scott*, 202 Va. at 360.

In the case at bar, the court must therefore conclude that the Plaintiffs' Motions for Judgment are not barred by § 8.01–243. The Defendants have never argued that the requirements of Rule 3:3 have not been met, so it is clear that the Original Motion for Judgment, although subsequently found invalid under § 8.01–5, qualifies as a "commencement" for purposes of § 8.01–229. In addition, to turn the Plaintiffs away because they were "dropped" from the Original Action rather than having his action "dismissed" or "abated" would be to engage in precisely the sort of technical analysis that the General Assembly sought to avoid when it incorporated the terms of the wrongful death savings provision into § 8.01–229(E)(1). Just as a voluntary nonsuit may qualify as a "dismissal or abatement" under the expansive interpretation of § 8.01–244, *Norwood, Admr.*, 196 Va. at 1056, so too may the "dropping" of a plaintiff qualify under the equally broad reading of § 8.01–229.

The Special Pleas of the Statute of Limitations are denied in each case.