# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Luddeke et al.

v.

USAA et al.

September 4, 1996

Case No. (Law) CL960075

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendants' plea in bar based upon the statute of limitations contained in Code of Virginia, § 38.2-2105, requiring the filing of any suit or action within two years of the inception of the loss. The material facts are not in dispute, and Defendants' plea must be denied.

The loss was sustained on January 22, 1994, and this suit was not filed until January 31, 1996. On January 19, 1996, Plaintiffs filed suit against these Defendants in the United States District Court; that is, prior to the expiration of the statute of limitations. The United States District Court dismissed the action "without prejudice" based upon the failure of the Plaintiffs to establish "diversity jurisdiction." See Order, Defendants' Exhibit 4. A motion to amend or alter the Court's ruling was denied, and counsel have advised that the matter is presently on appeal.

Defendants argue that the dismissal by the District Court for lack of diversity jurisdiction is a dismissal for lack of subject matter jurisdiction; hence, Defendants argue, the filing was a nullity and does not toll the statute of limitations pursuant to Code of Virginia, § 8.01-229(E)(1). Defendants rely on a line of cases dealing with the validity of nonsuit orders and the tolling and extension of the statute of limitations pursuant to § 8.01-229(E)(3). These cases are read by Defendants to require that the Court in which the prior filing occurred have subject matter jurisdiction in order for Plaintiffs to avail themselves of the tolling and extension provisions of § 8.01-229(E)(3). *See*, e.g. *McManama v. Plunk*, 250 Va. 27 (1995). *See also, Shearer v. Coles*, 28 Va. Cir. 280 (1992).

Plaintiffs argue that the plain language of § 8.01-229(E)(1) only requires that an action be commenced and, since the tolling provisions are remedial in nature, they must be liberally construed. They argue that an action was commenced within the statutory period of time, albeit an illfated attempt to invoke federal jurisdiction. They rely on cases that permitted refiling after dismissal for misjoinder (*Parrish v. Hicks*, 29 Va. Cir. 370 (1992)); after filing in another state (*Parker v. McClanahan*, U. S. Dist. Ct., W.D. Va. (1995)); and after filing by a non-resident administrator (*McDaniel v. Carolina Pulp*, 198 Va. 612 (1956)).

The filing of the prior case in federal court was the filing of an action as contemplated by § 8.01-229(E)(1); it was dismissed without determining the merits, and the action filed here is substantially the same between the same parties. The tolling provisions of § 8.01-229(E)(1) apply, and this action is timely filed. *See, McDaniel v. Carolina Pulp, supra*; *Morris v. Bestler*, 239 Va. 166 (1990).