# Staunton.

## McMULLIN v. CHURCH.

### OCTOBER 8th, 1886.

WRONG-DOERS—*Joint actions—Joint and several counts.*—For a malicious prosecution, two or more persons may be sued jointly in one action, or severally in separate actions. But counts against two or more cannot be joined in the same declaration with counts against each person severally.

Argued at Wytheville.    Decided at Staunton.

Error to judgment of circuit court of Wythe county, rendered December 14, 1885, in an action of trespass on the case wherein R. G. Church was plaintiff, and Mary J. McMullin and Wm. A. Richmond were defendants, for an alleged false and malicious suing out by the defendants of an attachment, and the levying of the same upon the property of the plaintiff. The jury gave the plaintiff $1,000 damage, for which sum judgment was rendered.    The opinion states the case.

*John P. Sheffey,* for the appellants.

*D. S. Pierce* and *W. L. Yost,* for the defendant in error.

The declaration is against the defendants jointly and against each separately, which is well established to be correctly drawn in that respect.    1 Chitty, pl. 87.    The attachment which was sued out against Church, the appellee, by W. A. Richmond, as

agent of the appellant, is provided for by chapter 178, sec. 3 of the Code.

Richardson, J., delivered the opinion of the court.

This was an action on the case brought by said R. G. Church, plaintiff, against said Mary J. McMullin and Wm. A. Richmond jointly, and the only issue was on the joint plea of the defendants of "not guilty." The declaration contained five counts. The defendant demurred to the whole declaration and to each count thereof. But the court sustained the demurrer as to the second count only, and overruled it as to the declaration as a whole, and to the first, third, fourth, and fifth counts; and this ruling, except as to said second count, is assigned as error.

As to the first and third counts, though in some respects inartificially drawn, and not as concise in statement as might be desired, it is sufficient to say, in the view taken of the demurrer in other respects, they would upon mere general demurrer be held substantially good. These are both counts jointly against the plaintiff in error, Mary J. McMullin and Wm. A. Richmond, the action itself being against them jointly; and the gravamen of each of these counts is that the said defendants, Mary J. McMullin and Wm. A. Richmond, falsely and maliciously, without probable cause therefor, caused and procured the attachment, the proceedings on which are set out in each of them, to be sued and levied upon the property of the said plaintiff, R. G. Church, to his damage, &c.

The fourth and fifth are *several* counts against Mary J. McMullen and Wm. A. Richmond, respectively, for the same offence, and not against them jointly. The first of these *several* counts (the 4th in the declaration), charges that the defendant, Mary J. McMullin, falsely, maliciously and without

probable cause, caused and procured the said attachment to be issued and levied upon the property of the said plaintiff, &c. The second of them (the 5th in the declaration), charges that the defendant, Wm. A. Richmond, contriving and maliciously intending, &c., maliciously and without probable cause, consulted, advised and procured Mary J. McMullin falsely, maliciously and without probable cause, to prosecute the plaintiff by attachment upon his property, to wit: Before Thos. J. Obenchain, a justice of the peace for said county of .Wythe, and then and there before said justice, falsely and maliciously, without any reasonable or probable cause whatever, the said Mary J. McMullin was induced and instigated to and did sue out an attachment upon the affidavit of said Wm. A. Richmond, for, &c., payable, &c., against the goods and estate of the said plaintiff, and at the false and malicious advice and procurement of the said Wm. A. Richmond, then and there made; which said attachment then and there granted in due form of law, was directed, &c., and was delivered then and there maliciously and without probable cause by the said Wm. A. Richmond to the sheriff of said county of Wythe to be executed, &c., &c.; and that the same was levied on the said plaintiff's property, &c., whereby, &c.

Without pausing to enquire whether either of these *several* counts is sufficient in itself, we proceed to examine and pass upon the main question raised by the demurrer, which, as we have seen, was a demurrer to the whole declaration, and to each count thereof. The ground of demurrer is that these *several* counts cannot be joined in the same declaration with the joint counts therein, the action being against two defendants jointly for the same cause of action. If this objection is well taken, it goes to and invalidates the whole declaration. The alleged cause of action here belongs to that class of torts which, in legal consideration, may be committed by several,

and for which a joint action may be supported against all the parties. But there are torts, such, for instance, as verbal slander, which, in legal contemplation, cannot be committed by several persons, and can only be considered the tort of the actual aggressor, or the distinct tort of such, in respect of which a separate action against the actual wrong-doer only, or against each, must be brought. And if several persons be made defendants jointly, where the tort *could not*, in point of law be joint, they may demur; and if a verdict be taken against all, the judgment may be arrested or reversed on a writ of error, but the objection may be aided by the plaintiff's taking a verdict against one only; or if several damages be assessed against each by entering a *nolle prosequi* as to one after the verdict, and before judgment. So in other cases, when in point of fact and of law, several persons *might have been jointly guilty of the same offence*, the joinder of more persons than were liable in a personal or mixed action in form *ex delicto*, constitutes no objection to a partial recovery, and one of them may be acquitted, and a verdict taken against the others. On the other hand, if several persons jointly commit a tort, the plaintiff in general has his election to sue all or some of the parties jointly, or one of them separately, because a tort is in its nature a separate act of each individual. See 1 Chitty on Pl. (16th Am. ed.), 96, 97, 98. Such seems to be the recognized doctrine with respect to the joinder of persons.

In discussing the subject of joinder of actions, the same author says: "When the plaintiff has two *causes of action*, which may be joined in one action, he ought to bring one action only; and if he commence two actions, he may be compelled to consolidate them, and to pay the costs of the application." And he adds: "The joinder in action often depends on the *form* of the action, rather than on the *subject matter* or *cause* of action: thus, in an action against a carrier for the loss of

goods, if the plaintiff declare *in assumpsit*, he cannot join a count *in trover*, as he may if he declare against him *in case;* for the joinder depends on the *form* of the action." Hence, the result of the authorities is stated to be, that "when the *same plea* may be pleaded, and the *same judgment* given on all the counts of the declaration; or whenever the *counts* are of the *same nature*, and the *same judgment* is to be given on them all, though the pleas be different, as in the case of debt upon bond and on simple contract, they may be joined." And Mr. Chitty adds: "Perhaps the latter, that is, the *nature* of the causes of action, is the best test or criterion by which to decide as to the joinder of counts." 1 Chitty's Pl. 221, 222.

Having laid down the general rule as to the joinder of *persons* and of *actions*, the learned author next proceeds to lay down the rule with respect to "the joinder of several *rights* of action, or liabilities," and says: "When the same form of action may be adopted for several distinct injuries, the plaintiff may, in general, proceed for all in one action, though the several rights affected were derived from different titles; but a person cannot, in the same action, join a demand in *his own right*, and a demand as *representative* of another, or *in autre droit;* nor demands against a person on his *own* liability, and on his liability in his *representative* capacity." And then coming directly to the rule applicable to the case in hand, the author says: "In actions *by* and *against* several persons, whether *ex contractu* or *ex delicto*, all the causes of action must be stated to be joint. Thus a plaintiff cannot, in a declaration against two defendants, state that *one* of them assaulted him, and in another part that the other assaulted him, or took his goods, for the trespasses are of several natures, and against several persons, and they cannot plead to this declaration." Ib. 225.

In the application of these principles to the case in hand, it must be kept in mind that there is no question here as to the

joinder of persons; nor as to the joinder of different forms of action; nor as to the joinder of separate and distinct causes of action, by different counts, in one declaration. On the contrary, the action being *case*, jointly against two defendants, and each count in the declaration being *in case*, but two of them being against the defendants jointly, whilst the two other counts are *several* counts against them respectively, the question is, can these joint and *several* counts be joined in the same declaration?

In view of the rule above laid down, they clearly cannot be so joined. The tort complained of, though it may have been participated in by both of the defendants, is treated by the law as the *several* act of each, and the plaintiff might have sued one only of them; but he elected to sue them both jointly, and having so elected, he was bound to declare against them jointly in each count in the declaration; for otherwise, as in the example given by Mr. Chitty, *supra,* it is obvious that the defendants could not, either together or separately, plead to the declaration.

We are, therefore, clearly of opinion that the circuit court erred in overruling the demurrer to the whole declaration, and to each count thereof.

Such being the conclusion arrived at as to the questions raised by the demurrer, it becomes unnecessary to pass upon other questions presented by the record. But upon the merits the result would necessarily be the same. We are, therefore, of opinion to reverse the judgment of the court below, and enter such judgment here as ought to have been entered by that court.

JUDGMENT REVERSED.