## Staunton

THELMA D. BAKER v. JOHN DOE, ET AL.

September 4, 1970.

Record No. 7304.

Present, All the Justices.

*James A. Eichner* (*Allen, Allen, Allen & Allen*, on brief) for plaintiff in error.

*Ernest G. Garrett, Jr.; Murray J. Janus* (*May, Garrett & Miller; Bremner, Byrne & Baber*, on brief), for defendants in error.

CARRICO, J., delivered the opinion of the court.

This is the question presented: May a plaintiff in a personal injury action name as alternate defendants a known person and an

unknown person[1] and allege that the negligence of one or the other, but not both, was the cause of the injury sustained?

The question arose when Thelma D. Baker, the plaintiff, filed a motion for judgment against Ellis Ray Pryor and John Doe, the defendants. The motion alleged that the plaintiff was injured when the vehicle in which she was a passenger was caused to collide with a brick wall after being forced off the highway by "a certain red automobile." It was then asserted:

> "4. At the time and place aforesaid, the said red automobile was being operated and controlled . . . by the defendant, Ellis Ray Pryor, or, in the alternative, plaintiff alleges that the said automobile was operated and controlled by the defendant, 'John Doe' ('John Doe' referring to a person unknown).
>
> "5. As a proximate cause of the negligence of the defendant, Pryor, or, in the alternative, the defendant, 'John Doe', plaintiff was caused to sustain permanent injuries. . . ."

The motion further alleged that the "plaintiff was covered as an insured under the Uninsured Motorist provisions of a certain motor vehicle liability policy issued by Nationwide Mutual Insurance Company" to the driver of the vehicle in which the plaintiff was a passenger. Nationwide was served with process. Code § 38.1-381 (e).

Pryor filed grounds of defense denying the allegations of the motion for judgment and asserting that "the plaintiff was injured as a result of the negligence of persons other than himself." Doe filed a demurrer on the ground that the motion for judgment was "not sufficient in law."[2] After argument, the trial court announced that it would sustain the demurrer and dismiss Doe from the action.

Before an order was entered embodying the court's ruling, the plaintiff filed a separate action against John Doe and then moved to consolidate that action with the one pending against Pryor. The court denied the motion to consolidate. An order was entered sustaining the demurrer, dismissing the plaintiff's original action against Doe, and denying the motion to consolidate the separate John Doe action

---

[1] Under Code § 38.1-381 (e), if "the owner or operator of any vehicle causing injury or damages be unknown, an action may be instituted against the unknown defendant as 'John Doe.' "

[2] The plaintiff suggests in her brief that demurrer was not the proper mode of testing the propriety of her motion for judgment. However, it does not appear that this was raised in the trial court, and no assignment of error touches the subject.

and the action pending against Pryor. The plaintiff was granted a writ of error.

Our research makes it clear that at common law parties could not be joined unless their interests were joint. *McMullin* v. *Church*, 82 Va. 501, 505 (1886). In the case of tort feasors, they could be joined as parties defendant only if their acts concurred to produce a single injury to the plaintiff. *Norfolk Bus Term.* v. *Sheldon*, 188 Va. 288, 296, 49 S.E.2d 338, 341 (1948). No provision was made for the "joinder of defendants in the alternative." *Conger* v. *Travelers Insurance Company*, 260 N.C. 112, 116, 131 S.E.2d 889, 892 (1963).

In some jurisdictions, the common law rule has been modified by statute or rule of court. *E.g.*, N.Y. CPLR § 1002 (b) (McKinney 1963); Pa. R. Civ. P. 2229 (b). In certain other jurisdictions, the rule has been changed by judicial decision. For example, in *Braun & Ferguson Co.* v. *Paulson*, 15 Tex. Ct. Rep. 564, 95 S.W. 617 (1906), the court approved joinder in the alternative of corporate defendants on the ground that the two corporations were "in such close relations" that it was "impossible for [the plaintiff] to ascertain which of them was liable." 15 Tex. Ct. Rep. at 565, 95 S.W. at 619.

There is no judicial decision in Virginia permitting the naming of defendants in the alternative. To the contrary, the procedure approved by the Texas court in the *Braun* case, *supra*, has been disapproved by this court. *Langhorne* v. *Richmond R. Co. & Another*, 91 Va. 369, 376-77, 22 S.E. 159, 161 (1895).

We have, however, sanctioned the pleading of alternate sets of facts where the *one* defendant would be equally liable under either set. *Development Company* v. *Offutt*, 203 Va. 382, 124 S.E.2d 29 (1962). But that decision cannot be strained to permit the joinder of two or more defendants alternatively where, upon the single set of facts pleaded, only one of the defendants might be liable.

Nor do we have a rule of court permitting the joinder of defendants in the alternative. Rather, our Rule 3:18 (d) requires that a motion for judgment clearly inform the opposite party of the true nature of the cause of action asserted against him. This rule would not be satisfied by a motion for judgment which alleged that one or the other, but not both, of two defendants was liable to the plaintiff. Such a motion would apprise neither defendant of the case sought to be made out against him. If both defendants answered and admitted all the allegations of the motion, the court still could not enter summary judgment against either of them, for the admission would be

merely that one or the other was liable, leaving the basic question unanswered.

The plaintiff, in a one-sentence argument in her brief, contends that "in plain language the legislature has said that [she] may proceed as she did in this case." The plaintiff then quotes a portion of paragraph (f) of Code § 38.1-381, the uninsured motorist statute.

Paragraph (f) commences by providing that an insurer paying an uninsured motorist claim shall be subrogated to the rights of the insured to whom such payment is made. The paragraph concludes with this language, upon which the plaintiff relies:

" . . . Nothing in an endorsement or provisions made under this paragraph nor any other provision of law shall operate to prevent the joining in an action against John Doe of the owner or operator of the motor vehicle causing such injury as a party defendant and such joinder is hereby specifically authorized."

Unlike the plaintiff, we do not find this language to be "plain." In any event, we need not consider in what situations it would be properly applicable. To give it the application urged by the plaintiff and to hold that it allows joinder of defendants in the alternative would run counter to what we have just said about our Rule 3:18 (d) —that such joinder is not permitted. In such a situation, the rule prevails. Code § 8-1.2.

For the reasons stated, it was not error for the trial court to sustain Doe's demurrer to the plaintiff's motion for judgment.

There remains the plaintiff's assignment of error that the trial court erred in refusing to consolidate the new action brought against John Doe with the action originally brought against Pryor. However, that question is prematurely before us. Until such time as the plaintiff has prosecuted each of her two actions to an unsuccessful conclusion, the order refusing consolidation is not appealable.

The judgment of the trial court will be affirmed.

*Affirmed.*