## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Mikel Strickland, an infant, etc.

v.

American Machine and Foundry Co. et al.

April 6, 1971

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today overruling the several demurrers in this case and which also establishes the time within which the individual defendants shall file their grounds of defense.

The respective individual defendants each demur upon the ground that there has been a misjoinder of defendants in this action in that the motion for judgment alleges "two separate and distinct causes of action as to the defendant American Machine and Foundry Company and alleges only one of said causes of action" as to the respective individual defendants; and, further, there is a misjoinder of defendants in that there is a "difference in the alleged cause of action against the defendant American Machine and Foundry Company and the cause of action alleged against" the respective individual defendants.

Upon oral argument, counsel for American Machine and Foundry Company joined with the individual defendants upon the demurrers assigning the same grounds. In essence, the defendants assert that the motion for judgment is not sufficient in law because the plaintiff has either, joined in one declaration two separate and distinct causes of action as to one defendant, alleging only one of such causes of action as to the other defendants; or, the plaintiff has alleged different causes of action against the defendants jointly.

The plaintiff argues that his cause of action is a single one of negligence. He asserts that his pleading alleges that the three individual defendants referred to as lifeguards were negligent and that the said lifeguards were acting as the agents of the defendant Eyres and as the agents of the defendant American Machine and Foundry Company, acting within the scope and course of their employment at the time. The plaintiff states that it seeks no recovery for any breach of warranty but that its cause of action is pure and simply one in negligence.

Viewing the motion for judgment as it must be upon demurrer, the Court finds that it sufficiently alleges one cause of action in negligence seeking a joint recovery against all of the defendants.

The defendants rely upon the cases of *McMullin* v. *Church*, 82 Va. 501 (1886), and *Norfolk Union Bus Terminal, Inc.* v. *Sheldon*, 188 Va. 288 (1948). In *Church*, the plaintiff sought to join in one declaration counts against the defendants jointly with counts against the defendants severally. Such joinder was not permitted. The Court pointed out that "[t]he tort complained of, though it may have been participated in by both of the defendants, is treated by the law as the *several* act of each, and the plaintiff might have sued one only of them; but he elected to sue them both jointly, and having so elected, he was bound to declare against them jointly in each count in the declaration. . . ." 82 Va. at page 306. That case has no application where, as here, only one cause of action is sued upon.

In *Sheldon*, the trial Court improperly permitted the plaintiff to combine in a single action against two defendants one cause of action against one defendant alone, as to which the other defendant could not be held liable, and another against the two defendants jointly as to which both defendants might be held liable. 188 Va. at page 297. That case, too, has no application where several defendants are sued jointly upon one cause of action.

The individual defendants further argue that a proper construction of this motion for judgment will allow the introduction of evidence prejudicial to them, because the motion for judgment alludes to a theory of strict liability upon the corporate defendant in paragraphs 2,

3 and 6 of the motion for judgment when the plaintiff alleges that "repeated assurances" were made in connection with the safety of the facility to be used for the activity in question. These defendants assert that a higher degree of care may be owed to the plaintiff by the corporate defendant than is owed to the plaintiff invitee by the individual defendants. This circumstance will not render the motion for judgment insufficient in law. A plaintiff may in asserting his cause of action based on negligence allege that respective defendants owe varying degrees of care to him when seeking a judgment against them jointly. As discussed during oral argument, a ready analogy may be drawn to the guest-host automobile cases and also to those damage suits arising out of motor vehicle collisions wherein a common carrier owes a higher degree of care to the plaintiff than does the defendant operator of the other vehicle colliding with the common carrier upon which the plaintiff was a passenger.

The defendants further assert that the allegations contained in paragraphs 2, 3 and 6 of this motion for judgment are confusing and unnecessary to the assertion of the plaintiff's cause of action in negligence. The plaintiff asserts that such allegations were made to meet the defenses of assumption of the risk and contributory negligence which he anticipates being raised and which have already been raised in the grounds of defense filed by the corporate defendant. While some of the allegations in the aforesaid paragraphs may be said to be unnecessary, they are harmless and should not be stricken by the Court.