## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Maurice Blanton Pierce,
Marvin A. Harrison and
Harold R. Goldman

v.

AVCO Financial Services, Inc.
and Edward W. Latscha

January 19, 1972

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today sustaining the respective demurrers of the defendants and dismissing this action, with leave to amend.

In Count One of this Motion for Judgment, the plaintiffs seek judgment against the defendant AVCO only upon an alleged contract entered into between the plaintiffs and AVCO through one of its agents.

In Count Two, the plaintiffs re-assert the factual allegations made in Count One but allege that should the allegation that AVCO's alleged agent, the defendant Latscha, did not have the authority to bind AVCO be believed, then the plaintiffs seek recovery against the defendant Latscha only for his breach of warranty that he was a bona fide agent of AVCO "for this contract."

This Motion for Judgment may be interpreted in one of two ways and, as the defendants point out, it is bad on demurrer under either interpretation.

First, it may be viewed as setting forth two different factual situations asserting that each defendant is liable on each separate cause of action, but both defendants are not liable on both counts. Under these circumstances, the plaintiffs may sue either separately. However, the plaintiffs have no right to sue both defendants in the same action unless it appears from the Motion for Judgment that they are jointly liable. *McMullin* v. *Church*, 82 Va. 501, 505 (1886). See also *Norfolk Union Bus Terminal*,

*Inc.* v. *Sheldon,* 188 Va. 288 (1948); *Langhorne* v. *Richmond R. Co. & Another,* 91 Va. 369, 376-77 (1895). Such joint liability is not alleged here.

This Motion for Judgment could also be construed as setting forth one set of facts which joins two defendants alternatively where only one of the defendants might be liable. This, too, makes the Motion for Judgment bad on demurrer. *Baker* v. *John Doe,* 211 Va. 158, 160 (1970).

The plaintiffs contend that if there is a misjoinder, it is one of persons and not of causes of action, and they assert that such a defect in the pleading can only be raised by a plea in abatement and not by demurrer.

The answer to this position is twofold. First, the misjoinder is not strictly one of parties but, under either interpretation of the Motion for Judgment, is one of causes of action, i.e. that is, in simple contract and in breach of warranty, which historically were tort actions. *E. I. duPont de Nemours & Co.* v. *Universal Moulded Products Company,* 191 Va. 525, 534 (1950). This brings up the second answer to the plaintiffs position and the other ground of demurrer relied on by the defendant Latscha; that is, that the Motion for Judgment purports to join in one declaration a cause of action in contract against AVCO and a cause of action in tort against Latscha. In this case, the plaintiffs seek to join two unrelated causes of action which involve more than one right and involve different kinds of proof which is likely to result in confusion at the trial. *Daniels* v. *Truck Corporation,* 205 Va. 579, 584 (1964). Under the contract count, there are the following possible issues: the nature of the offer made by AVCO; the terms and amount thereof; the nature of the acceptance of this offer and the date thereof; the nature and circumstances relating to an alleged withdrawal of the prior offer; the insistence on performance of the original agreement by the plaintiffs; and whether AVCO willfully refused so to perform. Under Count Two, the possible issues raised are: did Latscha represent that he had authority to bind AVCO; the nature and extent of the real or apparent authority of Latscha to act as AVCO's agent; whether or not Latscha breached any such warranty; and the damages, if any, which resulted to the plaintiffs from any breach of warranty, including the measure of such damages. For these reasons, the respective demurrers are sustained and this action is dismissed.