## CIRCUIT COURT OF HENRICO COUNTY

Malcolm R. Dixon, Jr.,
and Margie B. Dixon

v.

Nelson G. Robertson, Jr.

December 21, 1979

Case No. 79-L-59

By JUDGE L. PAUL BYRNE

In the instant case the plaintiffs, husband and wife, filed a single Motion for Judgment on February 20, 1979, against the defendant, Robertson, for damages for personal injuries and property damage as a result of a motor vehicle accident which occurred on May 31, 1978, in the County of Henrico, Virginia. The Motion for Judgment contained two Counts. In Count I, the plaintiff, Margie B. Dixon, seeks to recover damages for injuries to her person as the result of the defendant's negligence; and in Count II, the plaintiff, Malcolm R. Dixon, Jr., seeks to recover for property damages to his motor vehicle, which was being operated by the plaintiff, Margie B. Dixon, at the time of said accident with the defendant. Service of Process was obtained through the Division of Motor Vehicles pursuant to §§ 8.01-308 and 8.01-310 of the Code of Virginia of 1950, as amended, on June 6, 1979.

On June 7, 1979, the defendant, Robertson, filed a Motion to Dismiss this action on the grounds of misjoinder of parties and of causes of action. Subsequently, counsel filed memoranda in support of their respective positions and the Court set the matter down for oral argument on October 26, 1979, at the conclusion of which it took the matter under advisement.

Does the law in the State of Virginia permit two separate plaintiffs having separate and distinct claims arising out of the same transaction to unite such claims in a single action for damages against the defendant?

In attempting to resolve this question, the Court has been unable to find any Virginia decisions in point nor have any been cited in the memoranda furnished by counsel. At the outset, it must be recognized that Virginia has adopted the common law rule, set forth in the English case of *Brunsden* v. *Humphrey*, (1884) L.R. 14 Q.B.D. 141, in holding that injury to the person and to property, though occasioned by the same tortious act, give rise to separate and distinct causes of action. Thus, at common law *a person* injured in both his person and property through the same negligent act of a *single tort-feasor* could join both claims for damages in the same action but he was not required to do so. This represents the minority view in the United States but our Supreme Court has held it to be more logical and better suited to practice in Virginia. See *Carter* v. *Hinkle*, 189 Va. 1 (1949).

This common law practice has been continued and enlarged by the Legislature in Virginia by virtue of Section 8.01-272 of the Code of Virginia of 1950, as amended, which reads as follows:

> Section 8.01-272. Pleading several matters; joining tort and contract claims; separate trials in discretion of court. In any civil action, *a party may plead* as many matters, whether of law or fact, as he shall think necessary. *A party may join a claim in tort with one in contract, provided that all claims so joined arise out of the same transaction or occurrence.* The Court, in its discretion, may order a separate trial for any claim. (Italics added).

Thus, it is apparent that one party plaintiff may plead as many matters of law or fact in a single action as he may desire and may join a claim in tort with one in contract, provided, that all claims so joined arise out of the same transaction or occurrence. There can be no doubt that a party may join a claim for personal injury and one for property damage against one or more joint-feasors in a single action so long as the separate

claims arise out of one and the same transaction or occurrence. However, it should be noted that the statute permits only one party plaintiff and not more than one to so plead and it is permissive and not mandatory. Should this cause the trial of the action to become too confusing or complex, the Court may, in its discretion, sever the claims and order a separate trial for each claim.

The Legislature has seen fit also to deal with the effect of nonjoinder or misjoinder of parties by the enactment of § 8.01-5 of the Code, as follows:

> Section 8.01-5. Effect of nonjoinder or misjoinder. No action or suit shall abate or be defeated by the *nonjoinder or misjoinder of parties*, plaintiff or defendant, but whenever such nonjoinder or misjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties *misjoined may be dropped* by order of the court at any time as the ends of justice may require. (Italics added).

It is interesting to note that the discretion of the Court permitted in this statute is somewhat different than that permitted in § 8.01-272 of the Code, supra. Here the Court is given the discretion only to drop or add misjoined party, plaintiff or defendant, at any time as the ends of justice may require.

In the instant case, two plaintiffs have brought suit against one defendant for two separate causes of action arising out of the same transaction or occurrence and this Court holds that this is not permissible under the law in Virginia. Accordingly, the Motion to Dismiss for Misjoinder of Parties and Causes of Action as to Count I of the Motion for Judgment will be denied but it will be granted as to Count II. Should the plaintiff in Count II, Malcolm R. Dixon, Jr., desire to pursue his claim for property damage, he may do so by a separate cause of action, at which time, this Court will entertain a motion to consolidate for trial these separate causes of action, if such motion is proper and timely filed.