## CIRCUIT COURT OF WISE COUNTY

Rasnick et al.

v.

Pittston Co., Inc., et al.

### Case No. L85-277

By JUDGE M. M. LONG, JR.

### March 10, 1986

It is my opinion that there is a misjoinder of parties and causes of action in the multi-count motion for judgment filed in this action.

Eleven plaintiffs with separate and independent claims filed this action against six defendants. Plaintiffs do not contend that any one of them have any interest in the recovery sought by the others. There are seven counts in the motion for judgment. Count I "Negligent Preparation of Mining and Ventilation Plans" is against Pittston Company, only. Count II "Negligent Modification, Alteration and Disregard of Mining and Ventilation Plans"; Count III "Negligent Inspections"; Count IV "Negligent Failure to Provide Proper Equipment and Training of Super-

visory Personnel"; and Count V "Gross Negligence; Reckless and Wanton Disregard for the Safety of Plaintiffs and Plaintiffs' Decedents" are against Pittston Company and Pittston Coal Group, Inc., but no other defendants. Count VI "Civil Conspiracy" is against all defendants. There is no Count VII in the motion for judgment. Count VIII "Ultrahazardous Activity: Duty of Landowner to Employees of Another" is against Pittston Resources, Inc., only. Two of the counts seek both compensatory and punitive damages. (Counts V and VI.) The other five counts seek compensatory damages only. In each of the counts plaintiffs pray that judgment be entered in the amount stated in the count against the defendant or defendants named in the count.

In the absence of any statutory law determining when parties may or may not be joined the courts must have recourse to rules of common law. 59 *Am. Jur.* 2d "Parties" Sec. 93, p. 480. At common law parties could not be joined unless their interests were joint. *Baker* v. *Doe*, 211 Va. 158, 160 (1970). There is no statutory law in Virginia on this question. Code Sec. 8.01-272 cited by plaintiffs deals with the type of pleadings allowed, not the number of parties who may be joined. Virginia Rule 3:9A also cited by plaintiffs deals with the joinder of additional parties in instances where in their absence complete relief cannot be accorded those already parties. The plaintiffs have separate and distinct claims. There is a misjoinder of parties plaintiff.

The motion for judgment states independent claims against separate defendants and separate groups of defendants. Each count of the motion for judgment set forth a cause of action. All of the defendants are not alleged to be jointly liable in each count. There is a misjoinder of defendants and causes of action. *Norfolk Union Bus Terminal, Inc.* v. *Sheldon*, 188 Va. 288 (1948).

I am of opinion that under Code Sec. 8.01-5 all but one of the plaintiffs must be dropped to make the action conform to the rules of pleading. The plaintiff remaining will have to make an election as to which count or group of counts to proceed with. The plaintiff may proceed with Count I against Pittston, or Counts II, III, IV and V against Pittston Company and Pittston Resources, Inc., or Count VI against all defendants, or Count VIII against Pittston Resources, Inc.

The motion for judgment names Harry D. Childress, Chief Mine Inspector of the Virginia Department of Mines and Quarries, as a defendant in both his official and individual capacities. Childress has filed a plea of sovereign immunity.

A suit against an employee of the Commonwealth in his official capacity is barred by the doctrine of sovereign immunity. *Wilson* v. *State Highway Commissioner*, 174 Va. 82 (1939). *Hinchey* v. *Ogden*, 226 Va. 234 (1983). Childress in his official capacity has the same immunity as the State. The plea will be sustained as to the claim against Childress in his official capacity.

Childress contends that plaintiffs have not alleged that he was guilty of anything more than simple negligence and that the plea should be sustained as to the claim against him in his individual capacity. Plaintiffs allege in the motion for judgment that Pittston, Pittston Resources, and Pittston Coal Group entered into a plan and scheme with Childress and other defendants to frustrate and prevent mine safety, that in furtherance of the plan, Childress's enforcement of safety at the mine was extraordinarily lax and weak, that the conditions at the mine which led to the explosion would have been discovered but for the plan, and that the conduct of Childress was deliberate and willful and in reckless disregard for the lives of the miners. In *James* v. *Jane*, 221 Va. 43 (1980), it is stated:

> A state employee who acts wantonly, or in a culpable or grossly negligent manner, is not protected. And neither is the employee who acts beyond the scope of his employment, who exceeds his authority and discretion, and who acts individually.

The allegations in the motion for judgment bring Childress into this category. The plea of sovereign immunity as to the claim against Childress in his individual capacity will be overruled.

By JUDGE J. ROBERT STUMP

May 1, 1986

Eleven plaintiffs with separate and independent claims filed this singular motion for judgment against six separate defendants. Defendants moved to dismiss or drop parties and causes of action as the law requires. This issue was orally argued, extensively briefed by counsel and submitted to the court for decision.

By letter opinion dated March 10, 1986, M. M. Long, Jr., Judge Designate, ruled: "The plaintiffs have separate and distinct claims. There is a misjoinder of parties plaintiff."; "There is a misjoinder of defendants and causes of action."; and "I am of opinion that under Code Sec. 8.01-5 all but one of the plaintiffs must be dropped to make the action conform to the rules of pleading. The plaintiff remaining will have to make an election as to which count or group of counts to proceed with."

On March 18, 1986, plaintiffs filed a motion for entry of nonsuit to which defendants now object.

Defendants contend "the action has been submitted to the court for decision," and finally decided. Therefore, the plaintiffs cannot now nonsuit, relying on Va. Code Section 8.01-380(A). Defendants admit that one of the plaintiffs has a right to amend the motion for judgment. But they argue that the other ten plaintiffs have been dropped and/or dismissed as parties by the court's final disposition on March 10, 1986. Therefore, these ten plaintiffs acted too late to file a nonsuit on March 18, 1986.

Plaintiffs argue that Judge Long's letter opinion was not a final disposition on the merits of the case, and rely on Va. Code § 8.01-5(A) to the effect that a misjoinder does not abate or defeat an action or suit. Therefore, they have a right to nonsuit this case.

Judge Long's written opinion does not specifically address whether or not the other ten plaintiffs may refile separate motions for judgment. But Judge Long orally opined to this court after the April 22, 1986, argument on this issue that his ruling did not intend a final disposition of the plaintiffs' case(s).

Judge Long did not dismiss the case but dropped ten plaintiffs "to make the action conform of the rules of pleading." This court's interpretation of that language

is that one elected plaintiff could proceed herein after amendments as to cause(s) of action; and that the other ten plaintiffs would be dropped, but allowed to file separate actions in order to conform to proper pleadings.

The issue presented here is one of first impression in Virginia, and requires a joint interpretation of Virginia Code Secs. 8.01-5(A) and 8.01-380(A).

Virginia Code § 8.01-5(A) expressly states the legislative intent and effect on misjoinder, "No action or suit shall abate or be defeated by the. . . misjoinder of parties. . . but whenever such. . . misjoinder shall be made to appear. . . parties misjoined may be dropped by order of the court at any time as the ends of justice may require." The "Revisers' Note" further explains, "Sect. 8.01-5 carries forward the policy of former § 8-96 by providing that parties may be added to or dropped from an action *without prejudice* until all parties necessary for the just disposition of the case are before the court." (Italics mine)

Assuming Judge Long's opinion is construed to be a dismissal, it was not "with prejudice" adjudicating a final disposition on the merits. Moreover, the effect was a dismissal "without prejudice," granting one plaintiff the right to amend and ten plaintiffs the right to sue again on selected cause(s) of action after correcting their pleadings.

Virginia Code § 8.01-380(A) provides, in pertinent part, that: "A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision."

The parties "submitted" the misjoinder issue to the court for decision. And the court with certainty decided this issue in favor of the defendants before the plaintiffs' motion for a nonsuit.

The crucial threshold question is whether the nonsuit statute intends a final decision in the case before a voluntary nonsuit may not be entered.

Although the nonsuit statute does not expressly state that the plaintiff must move to withdraw the cause of action before final decision of the court, it is the court's opinion that is the contemplated intent of the statute.

The statute allows three separate, but substantially similar ultimate criterion after which a nonsuit will not be allowed:

(1) If the court sustains a motion to strike, the case is final with nothing left to be done.

(2) If the jury has retired from the bar, they have deliberated and rendered a final verdict.

(3) If the action has been submitted to the court for decision, I am of opinion this refers to a judge trial without a jury and that after all the evidence and argument the case has been submitted to the judge for a final decision; or that a preliminary motion finally dispositive of the case on the merits is submitted to the court.

The Virginia Supreme Court said in *Newton* v. *Veney & Raines*, 220 Va. 947, 953 (1980):

> On a motion to strike the court "rules" or "decides" when it sustains or overrules the motion. *It is this act that imparts finality to and disposition of the matter, and until it occurs a party is allowed to suffer a nonsuit.* (italics mine)

> "When a judgment or decree makes an end of a case and decides the whole matter in controversy leaving nothing further for the court to do, it is final, but when the further action of the court in the case is necessary to give completely the relief contemplated by the court, then the judgment or decree is to be regarded not as final but as interlocutory." 11A M.J., *Judgments and Decrees*, Sect. 7, p. 40.

In *Daniels* v. *Truck Corporation*, 205 Va. 579, 585 (1964), the Virginia Supreme Court said,

> A final order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.

This court finds:

(1) Sec. 8.01-380(A) contemplates and intends the

submission of a final disposition of the matter on its merits to the court before a nonsuit will not be allowed.

(2) Sec. 8.01-5(A):

(a) does not intend a final disposition of the case on the merits;

(b) expressly does not abate or defeat a cause of action by a misjoinder of parties; and

(c) allows parties to be dropped from an action without prejudice until all parties necessary for the just disposition of the case are before the court.

(3) Judge Long did not intend a final disposition of the plaintiffs' cases in his ruling on the misjoinder issue.

(4) Independently, that the submission of the misjoinder issue to the court for decision was not a final disposition on the merits, but contemplated further action after the pleadings are properly placed before the court.

(5) The plaintiffs are entitled to suffer a nonsuit of this misjoined motion for judgment, and the defendants' objections are overruled.