## CIRCUIT COURT OF ALBEMARLE COUNTY

George R. Parrish, II, et al.

v.

Brenda C. Hicks et al.

Case No. 4805

David Hawkins et al.

v.

Brenda C. Hicks et al.

Case No. 4764

August 11, 1992

BY JUDGE JAY T. SWETT

The matter is before me on a motion to reconsider my earlier ruling that one of the two plaintiffs in each of these actions be dropped pursuant to Va. Code § 8.01–5. For the following reasons, the plaintiffs' motions to reconsider are denied.

These two actions arose out of an automobile accident that occurred on October 13, 1989. George R. and Mary Ann Parrish, plaintiffs in Case No. 4805, and David and Jennifer Hawkins, plaintiffs in Case No. 4764, were riding in the same vehicle when it was struck by a vehicle driven by Brenda Hicks. Hicks is a defendant in both actions as is the estate of the Carl W. Williams. Williams was a passenger in the Hicks vehicle, who died as a result of injuries he received in the accident.

Mr. and Mrs. Parrish filed their suit on August 21, 1991. Mr. and Mrs. Hawkins filed their suit on July 9, 1991. Hicks and the Williams estate filed responsive pleadings to the two suits. In both suits, the defendants filed motions under Va. Code § 8.01–5 alleging mis-

joinder of party plaintiffs and requested that one of the plaintiffs in each suit be dropped.

The misjoinder motions were argued on May 13, 1992. After hearing argument and upon consideration of the authorities cited, I granted the defendants' motions and required the plaintiffs to elect which plaintiff should be dropped from each action. Having reconsidered again the authorities and the additional argument, it is my conclusion that these actions were misjoined and that the appropriate remedy is for one of the plaintiffs to be dropped from each action.

Somewhat surprisingly, there is little case authority, both of what constitutes a misjoinder of parties and when as well as how a trial court should apply § 8.01–5 when the fact of misjoinder has been brought to the attention of the court. The applicable portion of § 8.01–5 provides as follows:

> No action of suit shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such nonjoinder or misjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any time as the ends of justice may require.

This court has not been able to find a Virginia case in which this statute has been applied in the context presented by these two cases. A number of cases have been cited that discuss related issues involving joinder, but they do not answer the precise question raised here. For example, in *Baker v. John Doe*, 211 Va. 158 (1970), the Supreme Court, without reference to § 8.01–5, held that Virginia does not permit the joinder of two or more defendants who are named in the alternative as being liable to the plaintiff under a single set of facts. The Court reasoned that to allow such pleading against multiple defendants where the allegation is that only one is liable to the plaintiff would not appropriately apprise all defendants of the case asserted against each defendant. 211 Va. at 160. In *Norfolk Bus Term. v. Sheldon*, 188 Va. 288 (1948), the issue was whether there was an improper joinder of actions against two defendants. The Court held that two defendants could not be sued in the same action under multiple causes of action unless it was alleged that the defendants were jointly liable on both actions. 188 Va. at 297.

Perhaps the closest case to these two is *Virginia Hot Springs Co. v. Hoover*, 143 Va. 460 (1925). Several plaintiffs joined in a suit for an

injunction against the defendant requesting that the defendant be prohibited from diverting water from a spring that served all plaintiffs as well as the defendant. The Court rejected the defendant's argument that there was a misjoinder of plaintiffs finding that the plaintiffs were alleging the same injury by the same defendant by the same means, and under such circumstances, all had a common remedy in which they could pursue as plaintiffs in the same action. 143 Va. at 464. The Supreme Court distinguished the case before it from "the general rule that several complainants having distinct and independent claims to relief against the defendant cannot join in a suit for separate relief in each." 143 Va. at 465. However, the Court did not discuss what constitutes a "distinct and independent claim," but rather found that the injury claimed was common to all plaintiffs and was the result of the single act of the same defendant. *Id.* at 466. In general, however, separate individuals cannot file severable tort claims in the same suit. To do so constitutes misjoinder. 67A C.J.S. *Parties* § 33.

In the absence of any clear case authority on the application of § 8.01–5 to the facts here, the Court's obligation is to determine and then give affect to the intent of the legislature in enacting this provision. The beginning point is to determine whether the language of the statute is plain and unambiguous and, if it is, the plain meaning of the statute should be accepted. *Diggs v. Commonwealth*, 6 Va. App. 300, 306 (1988). Having concluded that the plaintiffs are misjoined in both cases, the question is the relief available under § 8.01–5 once the misjoinder has been brought to the attention of the court. The statute provides that the action or suit shall not "abate or be defeated" by a misjoinder of parties plaintiff. "Abate" or "defeat" in this context must mean that the action or suit should not be dismissed. Rather than dismiss the action, the remedy for misjoinder of parties is to "drop from the suit or action those parties that create the misjoinder." *See, Burks' Pleading and Practice*, § 72.

At first glance, the statute appears discretionary in that the court "may" take such actions. However, in interpreting a predecessor statute to § 8.01–5, the Virginia Supreme Court held that, "[t]he word *may* in a statute of this kind which is in furtherance of justice means the same as *shall*." *Lee v. Mutual Reserve Fund Life Assoc.*, 97 Va. 160, 162 (1899). However, finding that *may* means *shall* does not end the inquiry. The statute directs the court to act "as the ends

of justice may require." Given the clear misjoinder of the parties and the statement in *Lee* that the statute itself is in the furtherance of justice, the plaintiffs must overcome a significant presumption that dropping a misjoined party is the proper remedy.

Based on the pleadings and briefs presented, this court does not find that the plaintiffs have met that burden. As previously indicated, the defendants properly and timely noted the misjoinder in their responsive pleadings. Having failed to act promptly to remedy the problem, the plaintiffs cannot now rely on the discretion of the court to provide relief. *See*, 67A C.J.S. *Parties* § 170.

The court also finds it significant that over the years, the Supreme Court and the legislature have significantly modified the practices of nonjoinder and misjoinder of parties and actions. Rule 1:4(k) now permits a plaintiff to join claims and defendants in the same action and plead theories in the alternative. The legislature has enacted § 8.01–272 changing the common law to permit plaintiffs to join contract and tort claims in a single action. Section 8.01–30 now permits a plaintiff to name one or multiple defendants in a contract action whether liability is joint or several. See also § 8.01–444, Rule 3:9A, and Rule 3:14 as to other changes involving when parties and claims can be joined or added to an action or suit. Given these many changes, none of which are applicable here, this court concludes that the decision of the Supreme Court and the legislature not to tamper with the rule on misjoinder of parties plaintiff indicates their approval of the general rule of *Virginia Hot Springs*.

Finally, plaintiffs' contention that separately filed suits properly could be consolidated for trial does not cure the fundamental defect of misjoinder. If Mr. and Mrs. Hawkins had filed two separate suits and Mr. and Mrs. Parrish had filed two separate suits, this Court, upon request, could have considered consolidating some or all of the cases for purposes of trial. However, the plaintiffs' present situation of misjoinder of plaintiffs is not cured by suggesting that following the wrong path could eventually lead to an otherwise permissible result.

Although I read § 8.01–5 as providing this court with very limited discretion in whether to order a misjoined plaintiff to be dropped, I am not convinced that the plaintiffs have demonstrated that the equities of this case require a departure of the statutory provision that misjoined plaintiffs should be dropped when the matter is properly brought to the attention of the trial court.

In conclusion, the filing of motions for judgment by plaintiffs with severable claims against the defendants represents misjoinder. Accordingly, this court affirms its prior decision to drop one of the parties from each action.