## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Michelle Carufel et al.

v.

American Isuzu Motors,
Inc., et al.

January 8, 1999

Case No. CL98-214

BY JUDGE WILLIAM H. LEDBETTER, JR.

The issues to be decided are (1) whether plaintiffs must be dropped because of misjoinder and (2) if so, whether the claims of the dropped plaintiffs are barred because of the statute of limitations.

### Facts

On May 5, 1996, Stella Stacey Noussis was operating a 1994 Isuzu Rodeo on Interstate 95 in Spotsylvania County, accompanied by Michelle Carufel and Carufel's two children. According to the motion for judgment, Noussis made a sudden steering maneuver to avoid striking another vehicle, as a consequence of which the Isuzu went out of control and rolled over several times. Noussis and Carufel were injured; both children were killed.

Noussis and Carufel sued for their personal injuries. Carufel also sued as administratrix of her children's estates for the wrongful deaths of the children. Several defendants were sued: the manufacturer, distributor, and seller of the Isuzu (collectively, Isuzu); and the manufacturer (Cosco) and seller (Toys-R-Us) of a child safety seat in which one of the children was supposedly restrained. All of these claims were bundled as a single 38-page, 119 paragraph motion for judgment filed in this court on April 29, 1998.

The defendants filed various responsive pleadings. They sued Noussis for contribution or indemnification. They also filed a number of motions, including a motion to drop plaintiffs because of misjoinder. That motion was argued on December 21, 1998, and taken under advisement. This opinion addresses that matter.

## Misjoinder

Misjoinder of parties is the improper joining together of parties, plaintiffs, or defendants. *Black's Law Dictionary* (6th ed. 1990), p. 837.

At common law and as a general rule of pleading, persons jointly affected by a tort are permitted to join as parties plaintiff in an action to recover for injury. For example, tenants-in-common should jointly sue a trespasser who has damaged their land; and co-owners of personal property should jointly sue for damages resulting from wrongful conversion. In *Virginia Hot Springs Co. v. Hoover*, 143 Va. 460 (1925), the Supreme Court allowed several complainants to seek an injunction against a defendant who diverted water from a stream flowing through the complainants' properties. The Court held in that case that the landowners had a joint and common claim and that the single injury was common to all of the complainants.

On the other hand, persons who have separate and distinct interests or are separately affected by the tortious act of another are generally unable to unite as plaintiffs in an action for injuries sustained. They must bring separate actions. See 59 Am. Jur. 2d, *Parties*, § 109.

Formerly, misjoinder was a fatal defect. Bryson, *Virginia Civil Procedure* (3d ed. 1997), p. 194. In modern practice, the effect of misjoinder has been ameliorated. The improper party is merely dropped.

Virginia Code § 8.01-5 provides, in pertinent part:

> No action shall abate or be defeated by the … misjoinder of parties, plaintiff or defendant, but whenever such … misjoinder shall be made to appear by affidavit or otherwise … parties misjoined may be dropped by order of the court at any time as the ends of justice may require.

Most of the reported cases arising under § 8.01-5 involve misjoinder of defendants. See, e.g., *Powers v. Cherin*, 249 Va. 33 (1995). However, several circuit court opinions address misjoinder of plaintiffs.

In *Dixon v. Robertson*, 5 Va. Cir. 544 (1979), a husband and wife were involved in an automobile accident. They filed a joint motion for judgment

against a single defendant, each claiming injury. The court, applying § 8.01-5, dropped the husband from the case.

Eleven plaintiffs sued six defendants for monetary damages in *Rasnick v. Pittston Co.*, 5 Va. Cir. 336 (1986). The Wise County Circuit Court held that all but one plaintiff must be dropped. The court reasoned that the plaintiffs were misjoined because they possessed separate and distinct claims, and none of them had an interest in the recovery sought by the others.

*Parrish v. Hicks*, 28 Va. Cir. 475 (1992), involved two "husband and wife" suits in which the spouses joined their claims for personal injuries in a single motion for judgment. The Albemarle County Circuit Court concluded that the plaintiffs were misjoined since each plaintiff had a distinct and independent claim and held that under § 8.01-5, one of the plaintiffs must be dropped from each suit.

The principles explained in those cases apply here. Each plaintiff has a distinct, separate, and independent claim for damages. None of the damages alleged is "joint" or "common" among all the plaintiffs. Two of the claims are for wrongful deaths, and two are for personal injuries to the survivors of the accident which are, of course, personal and distinct to each of the parties injured.

Therefore, the plaintiffs have been misjoined, and all but one must be dropped pursuant to § 8.01-5.

### Effect of Dropping Parties Plaintiff Under § 8.01-5

The defendants argue that the claims of the dropped plaintiffs must be dismissed and that those plaintiffs would be precluded from pursuing their separate claims because the statute of limitations has now run with respect to them. The Court disagrees.

First, it should be noted that the very purpose of § 8.01-5 is to modify the common law rule that treated misjoinder as a fatal defect. Under the statute, "parties may be added to or dropped from an action without prejudice until all parties necessary for the just disposition of the case are before the court." See Revisors' Note, § 8.01-5.

Second, as for those plaintiffs dropped from the case, § 8.01-229(E) applies. That statute provides that if any action is commenced within the prescribed limitation period and *for any cause* abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Therefore, even if "drop" under § 8.01-5 is synonymous with "dismiss," as the defendants assert, the tolling provisions of § 8.01-229(E)(1) apply.

One leading treatise on Virginia civil procedure takes a contrary view. Professor Friend, discussing the suspending or tolling effect of § 8.01-229, says that dismissal for misjoinder does not toll the statute of limitations, and he cites *Ortiz v. Barrett*, 222 Va. 118 (1982). See Friend, *Virginia Pleading and Practice*, vol. 2, p. 345 (1998).

In *Ortiz*, a legal malpractice case, the Supreme Court discussed an attorney's duty to take corrective action with respect to a misjoinder problem that arose in litigation in 1975. The Court held that, under the statute "then in effect" (i.e., in 1975), the filing of a motion for judgment subsequently dismissed because of the misjoinder of plaintiffs did not toll the running of the statute of limitations.

The statute in effect in 1975 (§ 8-34, Repl. Vol. 1957) specifically listed only four events that would toll the running of the statute of limitations after litigation commenced. Dismissal because of misjoinder was not one of the four events listed. See also *Jones v. Morris Plan Bank*, 170 Va. 88 (1938).

In 1977, the General Assembly completely revised the statutes relating to civil procedure, repealed Title 8, and enacted a new Title 8.01. Today's § 8.01-229 bears little resemblance to the tolling statute in effect in 1975, discussed in *Ortiz*; instead, as noted above, subsection E now provides that if a timely-filed action is dismissed *for any cause* without determining its merits, the statute of limitations is suspended or tolled during the pendency of that action and another action may be brought within the remaining period.

Therefore, the court is of the opinion that *Ortiz* is inapplicable and that § 8.01-229(E)(1) suspends or tolls the statute of limitation with respect to the claims of misjoined plaintiffs who are dropped under § 8.01-5.

A similar result was reached by the Wise County Circuit Court in *Rasnick, supra*. In that case, after the court ruled that all but one plaintiff must be dropped for misjoinder under § 8.01-5, the dropped plaintiffs nonsuited. The defendants opposed the nonsuit, contending that the earlier decision under § 8.01-5 was dispositive. The court disagreed with the defendants, ruling that an order dropping plaintiffs under § 8.01-5 is not a final disposition of the case; that the statute expressly provides that misjoinder does not defeat an action; and that the plaintiffs who must be dropped may nonsuit and recommence separate actions.

Section 8.01-229(E)(3) contains a six-month extension in nonsuited actions.

## Conclusion

The defendants' motions to drop plaintiffs under § 8.01-5 is granted because, for the reasons explained, these plaintiffs are misjoined. The defendants' further assertion that the dropped plaintiffs are precluded from pursuing their respective claims is without merit for the reasons discussed above.