## CIRCUIT COURT OF ROCKINGHAM COUNTY

Gordon H. Hamrick et al.

v.

Lena M. Shifflett

August 9, 2001

Case No. (Law) CL99-11888

BY JUDGE JOHN J. MCGRATH, JR.

The Plaintiffs are mother, father, and their two children. All four of the Plaintiffs were in one car being operated by the first named Plaintiff when it was struck by a car being driven by the Defendant. All four of the Plaintiffs filed a single Motion for Judgment asking for a single award of $55,000.00 in damages.

This matter is before the Court on Defendant's Motion to Drop Improperly Joined Plaintiffs. The Court has carefully considered the law on this matter. There appears to be no Virginia Supreme Court decisions directly on point. Many of the older cases hold that multiple plaintiffs may be joined in equitable actions seeking injunctive-type relief. *See, e.g., Virginia Hot Springs Co. v. Hoover*, 143 Va. 460 (1925); *Brown v. Bedford City Land & Imp. Co.*, 91 Va. 31 (1895); *Bosher v. Richmond & H.L. Co.*, 89 Va. 455 (1892); *Roper v. McWhorter*, 77 Va. 214 (1883). These cases suggest that this is an exception to the generally accepted rules of common law pleading. *See, Norfolk & Western RR. v. Smoot*, 81 Va. 495 (1886) (two plaintiffs may not join even in an equitable action where the relief requested is in the nature of damages).

Even the commentators in Virginia make scant reference to this issue, but seem to assume that joinder of plaintiffs is not permitted in an action for damages. *See* Bryson, *Virginia Civil Procedure* (3rd ed.) at pp. 193-94 (1997); Friend, *Virginia Pleading and Practice*, § 5.9(a)(2) (1998); Sinclair &

Middleditch, *Virginia Civil Procedure*, § 5.17; § 8.6 (1998); Michie's Jurisprudence, *Parties*, §§ 15, 17 (2001).

Several circuit courts of Virginia, however, have directly addressed the issue. The Court finds the holdings in *Carufel v. American Isuzu Motors, Inc.*, 47 Va. Cir. 529 (1999) (Ledbetter, Jr., J); *Parrish v. Hicks*, 28 Va. Cir. 475 (1992); *Rasnick v. Pittston Co.*, 5 Va. Cir. 336 (1986); and *Dixon v. Robertson*, 5 Va. Cir. 544 (1979), persuasive. These cases generally hold that in tort actions for personal injury, each plaintiff's claim for damages is separate and distinct, and must be pleaded and tried separately.

The Court finds that, in this case, each plaintiff has a distinct, separate, and independent claim for damages. *See Carufel*. Each Plaintiff in this case will have different injuries and damages that resulted from the incident that occurred on October 7, 1995.

Therefore, the Court grants Defendant's Motion to Drop the Improperly Joined Plaintiffs is granted. Pursuant to Va. Code § 8.01-5, all Plaintiffs listed in this action, other than the first plaintiff, Gordon M. Hamrick in his individual capacity, are hereby dropped without prejudice, and they are granted leave to file separate Motions for Judgment in accordance with law.

The Clerk is directed to send attested copies of this Opinion and Order to James B. Weissenborn, Esquire, counsel for the Plaintiffs; and to Alvaro A. Inigo, Esquire, counsel for the Defendant.