## CIRCUIT COURT OF THE CITY OF RICHMOND

Richard A. Branch, Jr., et al.

v.

Purdue Pharma, L.P., et al.

March 2, 2004

Case No. LR1696-3

BY JUDGE T. J. MARKOW

This case is before the court on Motions to Sever Misjoined Parties predicated upon Virginia Code § 8.01-267.5. Seven Plaintiffs, each alleged users of OxyContin, have brought suit against the manufacturer and promoter and the doctors who prescribed it to the individual Plaintiffs. The Defendants have moved the court to sever each of the Plaintiffs' cases, arguing that party joinder is not appropriate under the Virginia Multiple Claimant Litigation Act.

The general rule in Virginia is "that several complainants having distinct and independent claims to relief against a defendant cannot join in a suit for separate relief in each." *Virginia Hot Springs Co. v. Hoover*, 143 Va. 460, 465, 130 S.E. 408, 410 (1925). "Persons who have separate and distinct interests or are separately affected by the tortious act of another are generally unable to unite as plaintiffs in an action for injuries sustained." *Carufel v. American Isuzu Motors, Inc.*, 47 Va. Cir. 529 (1999). The only exception to this rule is laid out in the Virginia Multiple Claimant Litigation Act, Va. Code Ann. §§ 8.01-267.1 to 8.01-267.9.

Virginia Code § 8.01-267.1 provides that civil actions may be consolidated if there are six or more plaintiffs, the actions "involve common questions of law or fact and arise out of the same transaction, occurrence, or series of

transactions or occurrences," "[t]he common questions of law or fact predominate and are significant to the actions," and such consolidation would "promote the ends of justice," be "consistent with each party's right to due process of law," and "not prejudice each individual party's right to a fair and impartial resolution of each action." This section also lists a variety of factors to be considered by a court in determining whether consolidation is appropriate.

In this case, the Defendants have moved to sever each of the Plaintiff's claims under Virginia Code § 8.01-267.5, which provides that the court shall sever the actions unless it "finds that the claims of the plaintiffs were ones which, if they had been filed separately, would have met the standards of § 8.01-267.1 and would have been consolidated under § 8.01-267.3."

The court finds that the Plaintiffs have failed to show that there are common questions of law or fact that predominate and are significant to the actions. The Plaintiffs argue that the predominating question in this case is the tortious conduct and product liability of the pharmaceutical defendants. While this question of law and fact may be a part of each Plaintiff's case, the court finds that this common question does not predominate. Instead, each Plaintiff's case is based upon an intervening act by their individual physician. This intervening act makes for a multitude of varying questions of fact for each Plaintiff.

The court also finds that the Plaintiffs have failed to show that each of their causes of action stem from the same transaction, occurrence, or series of transactions or occurrences. The Plaintiffs have argued that the occurrence that forms the basis for each of the Plaintiff's claims is the design and marketing of OxyContin.

The court, however, finds that the occurrence that forms the basis for each of the Plaintiff's claims is each Plaintiff's circumstances surrounding their taking OxyContin. This occurrence is based upon different factual bases for each Plaintiff, and, therefore, represents an individual cause of action for each Plaintiff. The Plaintiffs have attempted to use the Virginia Multiple Claimants Litigation Act a substitute for class action suits. This statute, however, is not such a substitute and does not parallel Federal Rule of Civil Procedure 20, as the Plaintiffs have argued. Instead, the Act was enacted for the limited purpose of allowing multiple plaintiffs involved in the same transaction or occurrence, such as a plane crash or hospital fire, or perhaps a builder of a defective condominium project to proceed jointly against the tortfeasor(s). Such is not the case in the case at bar. Instead, in this case, we have multiple plaintiffs with differing factual circumstances leading to their alleged injury.

Finally, the court does not find that consolidation of the Plaintiff's causes of action promotes the ends of justice and efficiency, while also being consistent with the due process rights of each party and without prejudicing each party's right to a fair resolution of the action. Virginia Code § 8.01-267.1 lists a variety of factors considered by the court in making this determination.

One such factor to be considered under the Virginia Multiple Claimants Litigation Act is the convenience of the parties, witnesses, and counsel. The court finds that the consolidation of the causes of action at bar would be unduly inconvenient for the parties, witnesses, and counsel. While discovery from the manufacturer and promoter by the Plaintiffs may be easier for the Plaintiffs if their causes of action are consolidated, there are two, more persuasive reasons for severing the Plaintiffs' claims.

First, such a suit could not lead to the efficient conduct and disposition of the matter due to the amount and length of depositions that would be required by such a suit. At the least, each Defendant doctor would be deposed prior to trial. Such depositions would be time-consuming and irrelevant to all but that Plaintiff treated by the particular Defendant doctor. Second, Defendant Dr. Shegog has utilized his right to a Medical Malpractice Review Panel on the resolution of Plaintiff Terry's malpractice cause of action. Allowing the suit to proceed as it is currently consolidated would lead to confusion and prejudice due to Dr. Shegog's malpractice review proceeding.

Another factor to be considered is the likelihood and disadvantages of duplicative and inconsistent rulings, order, or judgments. This court recognizes that it is possible that, if these causes of action are severed, there may be different judgments in each Plaintiffs' case. However, this court believes that such differences would be based upon the predominating facts in each case, those facts surrounding each Plaintiffs' being prescribed OxyContin by their individual doctors. Therefore, while there may be inconsistent judgments, such inconsistent judgments would not offend any Plaintiffs' rights to due process of law or fail to promote the ends of justice.

The last important factor to be considered by this court is the likelihood of prejudice or confusion caused by the consolidation of the Plaintiffs' causes of action. The court finds that such a consolidation is not consistent with the due process of law rights afforded to each defendant, as it would be practically impossible for the interests of each to be presented to a jury in a way that is not commingled with the interests of another defendant and/or plaintiff in this case. Such a presentation would cause confusion for the jury, thereby prejudicing each party to the action.

For these reasons, the court finds that the Plaintiffs have failed to show that consolidation of their causes of action are appropriate under Virginia Code § 8.01-267.1 and sustains the motions of the Defendants, severing the Plaintiffs' causes of action.