## CIRCUIT COURT OF NEW KENT COUNTY

Mary E. Shearer

v.

Jessie James Coles, Jr., and
William Michael Tillatson

June 26, 1992

Case No. (Law) 91–77

BY JUDGE WILLIAM L. PERSON, JR.

The question presented in [this case] is whether the pendency of a wrongful death action filed in a federal court and subsequently dismissed for lack of subject matter jurisdiction tolls or abates the running of the statute of limitations pursuant to Virginia Code § 8.01–244(B). The Court finds that it does not.

The facts are set out in the parties' briefs, memoranda, and pleadings. Briefly stated, David F. Shearer died in an automobile accident in New Kent County on October 31, 1989. Mary E. Shearer, administratrix of the estate of David Lawrence Shearer, filed a wrongful death claim against Jessie James Coles, Jr., and William Michael Tillatson, in the Eastern District of Virginia on October 3, 1991. At that time, all parties were residents of Virginia. Due to the lack of diversity, the District Court dismissed the action on December 30, 1991. The plaintiff filed a second suit against defendants in New Kent County Circuit Court on December 31, 1991.

The Virginia Code provides that the personal representative of the decedent must bring a wrongful death action within two years of the death of the injured person. Va. Code Ann. § 8.01–244 (1950). This section required the plaintiff to bring an action before October 31, 1991. The plaintiff filed suit in federal court twenty-eight days prior to the end of the two-year period; following that suit's dismissal on December 30, 1991, plaintiff initiated a state court action two

months after the statutory period ended. Section 8.01–244 provides two exceptions for suits commenced beyond the two-year period.

Under the first exception, if a wrongful death action brought by the personal representative of the decedent within two years after decedent's death "abates or is dismissed without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of two years and another action may be brought within the remaining period . . . ." Va. Code Ann. § 8.01–244(B)(1950). Defendants contend that the original claim brought before the federal district court does not fall under § 8.01–244(B). For plaintiffs to claim the protection of that subsection, the suit brought in federal court must be an "action" as defined by the Code.

Section 8.01–2 defines "action" or "suit" to include all proceedings in law or equity "whether in circuit courts or district courts." This section must be taken to refer solely to Virginia state courts. A broader interpretation would encompass not only Virginia and federal courts but the fora of any state-designated "circuit" or "district" courts. The legislature could not have intended such an arbitrary result.

A 1991 amendment to § 8.01–244(B) provides the second exception. Under this amendment, should plaintiff suffer a voluntary nonsuit of an action brought within the two-year period, such nonsuit "shall not be deemed an abatement nor a dismissal pursuant to this subsection, and the provisions of subdivision (E)(3) of § 8.01–229 shall apply to such a nonsuited action." Section 8.01–229(E) provides for the tolling of statutes of limitation when the plaintiff suffers a voluntary nonsuit. The provision applies "irrespective of whether the action is originally filed in a federal or a state court . . . ." Va. Code Ann. § 8.01–229(E)(3) (1950). Therefore, filing a wrongful death action in federal court and later suffering a voluntary nonsuit will toll the statute of limitations and permit commencement of a second action in state court after the two-year period has lapsed.

Plaintiff argues that there is essentially no difference between a nonsuit and a dismissal not determined on the merits. The former will toll the statute of limitations if brought in federal court, the latter will not. Plaintiff concludes that the legislature could not have intended such disparate treatment.

The Court does not agree. The legislature was clear when it adopted § 8.01–229(E)(3) and the amendment to § 8.01–244(B).

Federal court actions that toll statutes of limitation must involve voluntary nonsuits. If the legislature intended to include dismissals from federal courts, it would have expressly stated so. It did not. "Dismissals" under § 8.01–244(B) refer to "actions" as defined by § 8.01–2. The court will not read more into the statute.

The Court finds that the present action is barred by the statute of limitations and is thus dismissed.